956 F.2d 277
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 FIRST NATIONAL BANK IN OKEENE, Plaintiff-Appellant,
v.
Harold E. BARNES, Defendant-Appellee,
and
Claudia K. Barnes, Defendant.
 No. 91-6183.
 United States Court of Appeals, Tenth Circuit.
 Feb. 18, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's Order affirming the bankruptcy court's dismissal of Plaintiff's action objecting to discharge of indebtedness and denial of leave to amend the complaint. On appeal, Plaintiff argues that (1) because the time limitations set under Bankruptcy Rules 4004 and 4007 are not jurisdictional, the amendment and relation back rules of Bankruptcy Rule 7015 and Federal Rule of Civil Procedure 15 apply to permit amendment of the complaint; (2) the evidence does not support the bankruptcy court's decision to permit discharge; and (3) the bankruptcy court failed to make findings of fact in its order dismissing Plaintiff's complaint. We affirm.
 
 
 3
 Defendant filed for Chapter 7 bankruptcy relief. Thereafter, Plaintiff filed an adversary proceeding objecting to Defendant's discharge under 11 U.S.C. § 727(a)(5). After a pretrial conference, Plaintiff filed a motion to amend the complaint to include a cause of action for denial of discharge under 11 U.S.C. § 523(a)(6). The bankruptcy court denied leave to amend. After a trial on dischargeability pursuant to § 727(a)(5), the bankruptcy court dismissed Plaintiff's adversary action. The district court affirmed the bankruptcy court after determining the bankruptcy court properly denied Plaintiff's motion to amend and the bankruptcy court's findings regarding dischargeability were not clearly erroneous.
 
 
 4
 We review a bankruptcy court's factual findings under a clearly erroneous standard. In re Coones, --- F.2d ----, Nos. 90-8113, 90-8114, slip op. at 2 (Jan. 3, 1992). We review the district court's and bankruptcy court's legal determinations de novo. Id.; In re Mullet, 817 F.2d 677, 679 (10th Cir.1987).
 
 
 5
 Plaintiff first argues that it should have been permitted to amend its complaint because the time limits under Bankruptcy Rules 4004 and 4007 are not jurisdictional and the relation back rule of Federal Rule of Civil Procedure 15, as made applicable by Bankruptcy Rule 7015, apply. Plaintiff maintains that a claim for no discharge under § 523(a)(6) is factually similar to the stated claim under § 727(a)(5).
 
 
 6
 The bankruptcy court refused amendment on the grounds that a § 523(a)(6) claim was untimely, see Rule 4007(c), and could not be added because it was not sufficiently similar to the § 727(a)(5) claim to relate back to the date the complaint was filed. The district court concurred.
 
 
 7
 We agree that the Rule 4007(c) filing requirements are jurisdictional. See In re Alton, 837 F.2d 457, 459 (11th Cir.1988) (per curiam); Neeley v. Murchison, 815 F.2d 345, 347 (5th Cir.1987); In re American Sports Innovations (ASI), 105 B.R. 614, 616 (Bankr.W.D.Wash.1989); In re Booth, 103 B.R. 800, 802 (Bankr.S.D.Miss.1989). Contra In re Santos, 112 B.R. 1001, 1006, 1009 (Bankr. 9th Cir.1990). Because Plaintiff did not file a timely claim under § 523(a)(6) in its original complaint, it may amend the complaint only if the claim relates back to the date the original complaint was filed. See In re Mufti, 61 B.R. 514, 517 (Bankr.C.D.Cal.1986).
 
 
 8
 Grant or denial of leave to amend is within the discretion of the bankruptcy court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971); In re Wahl, 28 B.R. 688, 690 (Bankr.W.D.Ky.1983). Rule 15(a) provides that leave to amend shall be freely given when justice requires. Before granting leave to amend, the bankruptcy court must inquire whether there was undue delay by the movant and undue prejudice to the party opposing amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962). In the absence of undue delay or prejudice, amendment may be permitted if the amendment claim arises out of the transaction or occurrence set forth in the original complaint. In re Barnes, 96 B.R. 833, 836 (Bankr.N.D.Ill.1989).
 
 
 9
 In this case, the bankruptcy court did not abuse its discretion in denying leave to amend. The facts forming the basis for the claim Plaintiff wished to assert in the amended complaint were known to Plaintiff before he moved to amend. See Rufenacht, Bromagen, & Hertz, Inc. v. Russell, 69 B.R. 394, 395 (D.Kan.1987). Plaintiff cited § 523(a)(6) on the cover sheet to its complaint. Such citation, however, was insufficient to raise a § 523(a)(6) claim in the complaint.
 
 
 10
 In addition, actions under § 727 are different from actions under § 523 as to the fact basis for the claims, the allegations, the type and measure of the burdens of proof, and the ultimate effect of a judgment in the plaintiff's favor. In re Harrison, 71 B.R. 457, 459 (Bankr.D.Minn.1987); Rufenacht, Bromagen, & Hertz, Inc., 69 B.R. at 395; In re McClellan, 60 B.R. 719, 721 (Bankr.E.D.Va.1986). Accordingly, an exception to discharge under § 523(a)(6) would not relate back to the original complaint's claim for objection to discharge under § 727(a)(5). The bankruptcy court did not abuse its discretion in denying leave to amend.
 
 
 11
 Plaintiff argues that the evidence before the bankruptcy court did not support the court's conclusion to dismiss the action. Plaintiff contends it was not reasonable to believe that only one calf had been born in three years and that Defendant sold registered Brangus cattle at regular cattle sales. The bankruptcy court concluded that Plaintiff's circumstantial evidence, when compared with Defendant's credible testimony, did not prove by a preponderance of the evidence that Defendant failed to account for Plaintiff's collateral.
 
 
 12
 After reviewing the briefs and appendices of the parties, we agree with the district court that the bankruptcy court's findings were not clearly erroneous. Plaintiff failed to prove its case by a preponderance of the evidence. See In re Serafini, 938 F.2d 1156, 1157 (10th Cir.1991) (11 U.S.C. § 727(a)(2)).
 
 
 13
 Plaintiff's final argument is that the bankruptcy court failed to make findings of fact in its order dismissing Plaintiff's complaint. The bankruptcy court did not make explicit fact findings. Rather, it stated
 
 
 14
 the Court is not prepared to set forth in this opinion specific findings of fact, nor does it appear such findings are required to be made in this case. This matter is one which can be disposed of by a determination of which party bears the ultimate burden of proof.
 
 
 15
 Federal Rule of Civil Procedure 52(a), as adopted by Bankruptcy Rule 7052, requires the bankruptcy court to make fact findings in all actions tried to the court. Rule 52(a) is designed to provide the appellate court with a clear understanding of the basis for the bankruptcy court's decision and to aid the bankruptcy court in its consideration and adjudication of the facts. See Colorado Flying Academy, Inc. v. United States, 724 F.2d 871, 877 (10th Cir.1984), cert. denied, 476 U.S. 1182 (1986). Any findings of fact satisfy Rule 52(a) if they give the appellate court a clear understanding of the fact basis for the bankruptcy court's decision. Bell v. AT & T, 946 F.2d 1507, 1510 (10th Cir.1991). Findings may be sufficient irrespective of their form, Featherstone v. Barash, 345 F.2d 246, 250 (10th Cir.1965), and need not be detailed, Colorado Flying Academy, 724 F.2d at 878.
 
 
 16
 The bankruptcy court's finding that Plaintiff did not meet its burden of proof was sufficient for this court to understand the bankruptcy court's fact basis for its decision. Thus, we conclude the bankruptcy court's fact findings were sufficient.
 
 
 17
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3