### In re William C. ROWLAND, Jr., Debtor.

### No. 01–18423.

United States Bankruptcy Court, E.D. Pennsylvania.

March 27, 2002.

§ 523(a)(15).

Aris J. Karalis, Esquire, Ciardi, Maschmeyer & Karalis, P.C., Philadelphia, PA, for Debtor.

Leslie Beth Baskin, Esquire, Daniel J. Dugan, Esquire, Spector Gadon & Rosen P.C., Philadelphia, PA, for First Republic Bank.

George Conway, III, Esquire, Office of the U.S. Trustee, Philadelphia, PA.

#### OPINION

STEPHEN RASLAVICH, Bankruptcy Judge.

### Introduction

First Republic Bank ("First Republic" or "the Bank") has filed a Motion entitled, Motion to Extend the time to File a Complaint to Determine the Non–Dischargeability of the 5510 Concord Pike Indebtedness, *Nunc Pro Tunc* (Motion). The Debtor has filed an Answer and Affirmative Defenses (Answer) which opposes the Motion. A hearing on the Motion was held on February 20, 2002. For the reasons set forth below, the Motion will be denied.

### Background

Because no testimony was offered at the hearing, the factual record consists only of those uncontested allegations in the pleadings and the attached exhibits. What is agreed to is the following: In July 2000, First Republic loaned the Debtor $7.3 million. Motion, ¶ 1. This loan was secured by three mortgages, one of which pertained to the real estate at 5510 Concord Pike in Delaware County, Pennsylvania (the Property). Motion, ¶ 2. When the Debtor filed this bankruptcy, it listed the Bank among its secured creditors in the approximate amount of $7.25 million. Motion, ¶¶ 7, 10. A first meeting of creditors would be held on September 11, 2001, thereby making November 10, 2002 the last day for filing nondischargeability complaints. Motion, ¶¶ 8, 23. That deadline passed and on January 25, 2002, First Republic filed this Motion requesting that the deadline be extended *nunc pro tunc* so that the complaint it intended to file would be deemed timely filed. Motion, ¶ 23.

Although sparse, the evidence presented is sufficient to support our denial of the Motion.

### Discussion

■ The complaint which the Bank intends to file would seek to have its claim declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).[1] Motion, ¶ 30. Subsection (c) of Section 523 provides that a creditor who seeks to have his claim excepted from discharge under subsection (a)(2) must obtain a determination of nondischargeability from the bankruptcy court:

> Except as provided in subsection (a)(3)(B) of this section, *the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), or (15), as the case may be, of subsection (a) of this* section.

11 U.S.C. § 523(c)(1)(emphasis added).

This requirement that the creditor act affirmatively to have this type of debt ex-

---

**1.** That section provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

 \* \* \* \* \* \*

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

11 U.S.C. § 523(a)(2)(A)

cepted from discharge is subject to a time constraint set forth in the Bankruptcy Rules. Rule 4007(c) requires that "[a] complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." B.R. 4007(c). And, more importantly for our purposes, parties seeking an extension of this deadline must move for an extension before that deadline expires: "[O]n motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. *The motion shall be filed before the time has expired.*" *Id.* (emphasis added)

The crux of the parties' dispute is whether the Bank's failure to move for an extension before November 11 prohibits the Court from considering the Motion. A leading commentator maintains that the failure to timely file such a motion will have a preclusive effect:

> If the motion is not filed within that time period, the court has no discretion to grant the motion. Moreover, Rule 9006(b)(3) makes clear that the normal rule allowing an extension of time by motion filed after a time period has expired does not apply to the deadline set by Rule 4007. This rule marks a change from the practice under the former bankruptcy rules, which permitted a court to grant a motion filed after expiration of the time period allowed upon a showing of excusable neglect.

9 *Collier on Bankruptcy*, ¶ 4007.04[3][a] (Matthew Bender 15th Ed. Revised 2001). Notwithstanding, First Republic contends that principles of equity are applicable to extend the deadline where appropriate. The Debtor, as expected, argues that the Bank's tardiness deprives the Court of any discretion to extend the deadline. Because our research has revealed no controlling Third Circuit case law on this issue (but a split of authority elsewhere), a thorough analysis is required.

The line of cases holding that Rule 4007(c) is not jurisdictional is led by the Second Circuit's opinion in *In re Benedict*, 90 F.3d 50 (2d Cir.1996). In that case the Second Circuit held that the time period imposed by Rule 4007(c) is not jurisdictional. *Id.* at 54. Its ruling was based on the Supreme Court's pronouncement that "[s]tatutory filing deadlines are generally subject to the defenses of waiver, estoppel, and equitable tolling." *Id. citing United States v. Locke*, 471 U.S. 84, 94 n. 10, 105 S.Ct. 1785, 1792 n. 10, 85 L.Ed.2d 64 (1985); *see also Farouki v. Emirates Bank International, Ltd.*, 14 F.3d 244, 248 (4th Cir.1994) (holding that similar deadline in Rule 4004 can be extended on equitable grounds); *In re Santos*, 112 B.R. 1001, 1005 (9th Cir. BAP 1990) (holding that "the deadlines for filing dischargeability complaints and objections to discharge set forth in Rules 4007(c) and 4004(a) are not jurisdictional time limits"); *In re Higgins*, 270 B.R. 147, 159 (Bankr.S.D.N.Y.2001) (holding that equitable tolling may, under certain circumstances, extend Rule 4007(c) deadline); *In re McKoy*, 211 B.R. 843, 846 (E.D.Va.1997) (stating that while deadline for filing discharge complaint is not jurisdictional time limit, it is analogous to statute of limitations); *In re Steiner*, 209 B.R. 281, 285 (Bankr.E.D.N.Y.1996) (held that debtor was equitably estopped from asserting that creditor's dischargeability complaint was time-barred); *In re Walker*, 195 B.R. 187, 204 (Bankr.D.N.H.1996)(holding that Rule 4007(c) is a statute of limitation, not jurisdictional); *In re Begue*, 176 B.R. 801, 804 (Bankr.N.D.Ohio 1995) ("This court thus joins other courts that have viewed the deadline set forth in Federal Rule of Bankruptcy Procedure 4007(c) not as jurisdictional but rather as a statute of limitations.

As such this statutory filing deadline is subject to the defenses of waiver, estoppel, and equitable tolling."); *In re Halstead,* 158 B.R. 485, 487 (9th Cir. BAP 1993)(holding that compliance with the deadline is not a jurisdictional prerequisite and equity may apply); *In re Potter,* 185 B.R. 68, 72 (Bankr.C.D.Cal.1995)(same); *In re Wilborn,* 205 B.R. 202, 208 n. 6 (9th Cir. BAP 1996)(stating that dischargeability deadline is a statute of limitations, not jurisdictional prerequisite); *In re Troxell,* 1992 WL 6854, *1 (Bankr.W.D.Pa.)(holding that Rule 4007(a) deadline subject to excusable neglect).

A second line of cases avoids the question of whether Rule 4007(c) is jurisdictional and would permit the filing of a nondischargeability complaint when the lateness is due to a bankruptcy court clerk's error. *See In re Themy,* 6 F.3d 688, 690 (10th Cir.1993) (holding that "when the court's act affirmatively misleads the creditor as to a deadline .... the bankruptcy court [is] within its authority to accept [the creditor's] complaint after the sixty-day period expire[s]"); *In re Kennerley,* 995 F.2d 145, 148 (9th Cir.1993) (stating that late-filed complaints objecting to discharge may be allowed when a court explicitly misleads a party as to a deadline); *In re Anwiler,* 958 F.2d 925, 928–29 (9th Cir.) *cert. denied,* 506 U.S. 882, 113 S.Ct. 236, 121 L.Ed.2d 171 (1992) (bankruptcy court could use its equitable power to permit late filing of dischargeability complaint inasmuch as creditors reasonably relied on court's conflicting notices with respect to bar dates); *In re Maughan,* 268 B.R. 128, 132 (6th Cir. BAP 2001)(stating that only where error of court caused late filed Rule 4007(c) deadline would be extended); *In re Moss,* 258 B.R. 391, 401 (Bankr.W.D.Mo.2001)(holding that court could exercise its section 105 power to extend Rule 4007(c) deadline to correct court's error); *In re Isaacman,* 26 F.3d 629, 632 (6th Cir.1994)(stating that

while court may not *sua sponte* extend deadline, it may issue section 105 order to accept untimely complaint filed late due to court's error); *see also In re Cortes,* 125 B.R. 418, 420 (E.D.Pa.1991) (holding that creditor could file untimely dischargeability complaint when creditor had relied on erroneous information from clerk's office regarding bar date).

Finally, there is a third line of cases which holds that Rule 4007(c) is jurisdictional. *See First National Bank in Okeene v. Barnes,* 956 F.2d 277 (Table, Text in Westlaw), unpublished disposition, 1992 WL 33251 *1 (10th Cir.1992) (finding Rule 4007(c) to be jurisdictional); *Neeley v. Murchison,* 815 F.2d 345, 347 (5th Cir. 1987) (finding that Rule 4007 sets a fixed limitation period of sixty days and further constrains the granting of extensions); *In re Alton,* 837 F.2d 457, 459 (11th Cir.1988) (finding that Rule 4007(c) is mandatory and does not allow the court any discretion to grant a late-filed motion for extension); *see also In re Kirsch,* 65 B.R. 297, 300 (Bankr.N.D.Ill.1986) (holding that once time for filing dischargeability exceptions expires, it cannot be extended on grounds of excusable neglect or otherwise); *In re Poskanzer,* 146 B.R. 125, 132 (D.N.J.1992) (stating that bar date for filing dischargeability complaints is jurisdictional requirement which cannot be waived); *In re Barley,* 130 B.R. 66, 69 (Bankr.N.D.Ind.1991) (holding that bankruptcy court is powerless to extend time for filing dischargeability complaints once it has expired); *In re Booth,* 103 B.R. 800, 802 (Bankr.S.D.Miss. 1989) ("Because Rules 4007(c) and 9006(b) provide a jurisdictional basis for complaints objecting to dischargeability under Section 523(c), there can be no waiver for objecting to the timeliness of the complaint."); *In re Ginn,* 179 B.R. 349, 352 (Bankr.S.D.Ga.1995) (holding that Rule 4007(c) is jurisdictional); *In re American*

*Sports Innovations,* 105 B.R. 614, 616 (Bankr.W.D.Wash.1989) (same); *In re Ezell,* 116 B.R. 556, 557 (Bankr.N.D.Ohio 1990) (same); *In re Thomas,* 203 B.R. 64, 66 (Bankr.E.D.Tex.1996)(same); *In re Rosage,* 189 B.R. 73, 79 (Bankr.W.D.Pa.1995)(holding that "excusable neglect" standard could not be applied in order to extend bar date after it had passed); *In re Jeffrey,* 169 B.R. 25, 27 (Bankr.D.Md.1994) (holding that after Rule 4007(c) deadline passes, court powerless to extend it even for excusable neglect); *In re Depencier,* 234 B.R. 180, 181 (Bankr.M.D.Fla.1999) (Rule 4007(c) is mandatory and the Court may not grant a late filed motion to extend); *In re Lufkin,* 256 B.R. 876, 880 (Bankr.E.D.Tenn.2000) (holding that Rule 4007(c) establishes a jurisdictional requirement); *In re Goodwin,* 215 B.R. 710, 714 (Bankr.W.D.Tenn. 1997) (holding that time limit to file nondischargeability complaint is jurisdiction-

al); *In re Glover,* 212 B.R. 860, 862 (Bankr.S.D.Ohio 1997) (same).[2]

When interpreting a statute, a court's analysis should be consistent with the actual language of the statute, and should be consistent with the plain meaning of the statutory language. *See United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 240, 109 S.Ct. 1026, 1029, 103 L.Ed.2d 290 (1989). The Third Circuit Court of Appeals has generally interpreted other Bankruptcy Code sections and rules strictly. For example, in *Taylor v. Freeland & Kronz,* 938 F.2d 420 (3d Cir.), *aff'd* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), the Third Circuit held that if no objection to a claim of exemption is filed within the thirty day deadline found in Rule 4003(b), property claimed as exempt under section 522 will be considered exempt regardless of the claim's validity. 938 F.2d at 424. This ruling is based on a strict reading of both the applicable code section[3] and rule[4]. It is further con-

2. The Court notes the Bank's citation to *In re Desiderio,* 209 B.R. 342 (Bankr.E.D.Pa.1997) (Scholl, J.), for its proposition that a majority of courts have concluded that the time in which to seek an extension under Rule 4007(c) can be extended when issues of waiver, estoppel, and equitable tolling can be applied. *See* Motion, ¶ 25. This appears somewhat misleading as well as incorrect: relevant discussion on this point in *Desiderio* is *dicta.* 209 B.R. at 344 n. 3. *Desiderio* did not decide whether Rule 4007(c) is jurisdictional; it denied a timely motion under that rule for an extension to file a Section 523 complaint. The mischaracterization aside, the proposition cited was not true five years ago and is definitely not the case now. The majority of appellate courts most certainly have **not** held that waiver, estoppel, and equitable tolling apply to Rule 4007(c). *Desiderio* improperly groups *Themy* and *Kennerley* with *Benedict,* but the first two cases allowed the extension on the narrow grounds that the clerk had erred. *Benedict* even recognized this. 90 F.3d at 54. Furthermore, there is no mention of the contrary cases from the Fifth (*Neeley*), Tenth (*Barnes*) and Eleventh (*Alton*) Circuits cited above. All of these

cases predate *Desiderio* and demonstrate that the majority of appellate cases had as of that date held to the contrary on that issue.

3. Section 522(*l*) provides:

(1) The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. *Unless a party in interest objects, the property claimed as exempt on such list is exempt.* 11 U.S.C. § 522(*l*) (emphasis added)

4. Bankruptcy Rule 4003 provides, in pertinent part:

A party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. *The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in*

firmed by the inclusion of that rule within the subset of those bankruptcy rules not subject to enlargement.[5] Such a reading is consistent with the Court's "task to 'interpret the rules neither liberally nor stingily, but only, as best [it] can according to their apparent intent. When that intent is to provide leeway, a permissive construction is the right one; where it is to be strict, a permissive construction is wrong' " *Taylor, supra,* 938 F.2d at 424 *citing Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 319, 108 S.Ct. 2405, 2410, 101 L.Ed.2d 285 (1988) (Scalia, J., concurring). With that guidance, the Third Circuit concluded that section 522(*l* ) and Rule 4003(b) established a bright line rule for the time period in which to object to a claim of exemption. *Id.*

The Third Circuit has continued its strict application of bankruptcy statutes where such interpretations are consistent with the intent of Congress. *See In re Montgomery Ward Holding Corp.,* 268 F.3d 205 (3d Cir.2001). In that case, the debtor in possession had entered into a commercial real estate lease which required it to pay its landlord real estate taxes in addition to base rent. *Id.* at 207. Four days after the bankruptcy filing, the landlord presented an annual tax bill to the debtor-in-possession and demanded full payment even though the majority of the taxes had accrued prepetition. *Id.* The debtor in possession refused to pay the entire bill and tendered instead a prorated amount equal to its postpetition occupancy (approximately 2½ months). *Id.* It refused to pay any taxes which had accrued pre-

petition contending that the landlord held no more than an unsecured claim for those taxes. *Id.* This caused the landlord to move for full payment of the tax bill pursuant to Section 365(d)(3).[6] *Id.* at 208. The Bankruptcy Court denied the motion and that decision was affirmed by the District Court. *Id.* The Third Circuit reversed and required the debtor in possession to pay the full year's taxes, regardless of when such taxes accrued. As in *Taylor,* the Third Circuit's holding in *Montgomery Ward* was based on what it perceived to be the Congressional intent behind section 365(d)(3). That intent was to require trustees (or debtors in possession) to fully perform all leasehold obligations as they came due. Any other interpretation, the Third Circuit concluded, could not be squared with the statutory text. *Id.* at 209.

We believe that the Third Circuit would interpret Rule 4007(c) similarly, and we hold here that the deadline in that rule is jurisdictional. The rule's plain language, and it specific exception from the rule pertaining to enlargement (B.R.9006), evince a clear intent to limit the deadline for nondischargeability actions. As one bankruptcy court has stated:

> The result is automatic and sometimes leads to harsh results. However, Congress intended to establish a system whereby certain types of nondischargeability claims would be automatically cut off after a relatively short period of limitations in order to prevent debtors from being harassed by creditors after their

---

*interest files a request for an extension.* B.R. 4003(b)(emphasis added)

5. Bankruptcy Rule 9006 provides, in pertinent part: "The court may enlarge the time for taking action under Rule[ ] ... 4003(b) ..., only to the extent and under the conditions stated in th[at] rule[ ]." B.R. 9006(b)(3).

6. Section 365(d)(3) reads, in relevant part: "The trustee shall timely perform all the obligations of the debtor... arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected,..." 11 U.S.C. § 365(d)(3).

claims had been discharged in bankruptcy. Congress meant to cure the abuse whereby debtors were routinely sued by creditors long after bankruptcy creditors [*sic*] claiming that their claims were not discharged because of fraud or a false financial statement. *See* Countryman, "The New Dischargeability Law", 45 Am.Bankr.L.J. 1 (1971). This policy underlies § 523(c) of the Bankruptcy Code.

*Kirsch, supra* at 299–300. In order to implement that policy, a strict reading of Rule 4007(c) is required and the Bank's Motion must be denied.

### *Even if the Rule 4007(c) Deadline Were not Jurisdictional, First Republic has not Demonstrated that Equitable Estoppel or Equitable Tolling Would Excuse its Lateness*

Assuming that the Court would concur with its threshold argument that Rule 4007(c) is not jurisdictional, First Republic contends that the deadline in the rule should be equitably tolled. It is now settled law in this circuit that equitable tolling of a statute of limitations may be appropriate where: (1) the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. *Galvis v. HGO Services,* 49 F.Supp.2d 445, 448 (E.D.Pa.1999) *citing Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1387 (3rd Cir.1994). Should these elements be shown, the equitable tolling doctrine tolls the initial running of the statutory period until the plaintiff knows, or should reasonably be expected to know, the concealed facts supporting the cause of action. *Galvis, supra,* at 448 *citing Oshiver,* at 1392.

First Republic maintains that the Debtor misled it into believing that it did not have a claim of fraud against the Debtor until it was too late to bring suit. *See* Motion, ¶ 30. The specific acts of alleged deception consist of the following: the Debtor's listing of First Republic among its secured creditors (*see* Debtor's Bankruptcy Schedule "D"); the recital in a draft agreement to assume the lease of the Property wherein the Debtor acknowledged that First Republic has a mortgage on the Property (*see* Motion Ex. A, Rowland Deposition, Ex. Rowland–2); the Debtor's having made current postpetition payments to the Bank (*see* Motion, Ex. B); and the Debtor's observation that First Republic "[ought] to have an enforceable mortgage." (*see* Motion, Ex. A., Rowland deposition, pp. 71–72).

None of these acts demonstrates an intent to mislead the Bank into believing that it need not pursue nondischargeability of its claim. The listing of the Bank as a secured creditor on its Schedule D may likely have been done because Debtor believed that the Bank's claim was secured. The recital in the draft Assumption Agreement that the Bank holds a secured interest in the Property could be a case of misapprehension by all parties concerned. The Debtor's current payments to the Bank until January 2002 could also be a case of misinformation (at least on the Debtor' part). And the Debtor's deposition testimony that "what's right and correct is for the [B]ank...to have an enforceable mortgage" was made after the dischargeability deadline had expired, and thus cannot possibly have misled the Bank.

What little evidence there is tends to suggest that the Debtor's decision to stop paying the Bank is not part of a premeditated plan. Rather, it was made after the Debtor learned that the Bank may not have the secured position that the parties

had contemplated. The January 7 letter from Debtor's counsel (*see* Motion, Ex. B) states that "discovery taken to date...has raised serious concerns and issue with respect to whether the [Bank] has properly perfected its mortgage on the [Property]." Consequently, the letter goes on to explain, the Debtor would cease payments to the Bank until the Bankruptcy Court determined the validity and priority of the Bank's security interest in the Property. *Id.* It thus appears from this evidence not that the Debtor paid First Republic until January in order to lead it past the nondischargeability deadline, but because it learned only in January that the Bank's claim might not, in fact, be secured.

***Similarly, the Evidence Does Not Support First Republic's Claim that Equitable Estoppel Applies***

 In the alternative, First Republic argues that the Debtor should be equitably estopped from raising the Rule 4007(c) as a bar to the Bank's nondischargeability claim. Equitable estoppel focuses on the relationship between the parties and prevents a party from assuming a position inconsistent with an earlier position upon which another party reasonably relied. *See Godwin v. Schramm,* 731 F.2d 153, 160 (3d Cir.), *cert. denied sub nom., Behrend v. Godwin,* 469 U.S. 882, 105 S.Ct. 250, 83 L.Ed.2d 187 (1984); *see also, Novelty Knitting Mills, Inc. v. Siskind,* 500 Pa. 432, 457 A.2d 502, 503 (1983) ("Equitable estoppel is a doctrine that prevents one from doing an act differently than the manner in which another was induced by word or deed to expect.... [It] recognizes that an informal promise implied by one's words, deeds or representations which leads another to rely justifiably thereon to his own injury or detriment, may be enforced in equity."). In order to prevail on a claim of equitable estoppel, the party asserting such claim must establish that: (1) a representation of material fact was made to the party; (2) such party had a right to, and did, rely on the representation; and (3) that denial of the representation by the party making it would injure the relying party. *See Haymaker v. Green Tree Consumer Discount Co.,* 166 B.R. 601, 605–06 (Bankr.W.D.Pa.1994) (*citing Wheeling–Pittsburgh Steel Corp. v. McCune,* 836 F.2d 153, 162–63 (3d Cir. 1987)). The first of these criteria can be satisfied by conduct that amounts to a false representation or concealment of a material fact. *See generally In re Atlantic Marble, Inc.,* 126 B.R. 463, 467 n. 1 (Bankr.E.D.Pa.1991).

 First Republic maintains that the Debtor has "misrepresented his position vis-a-vis the ...mortgage." *See* Motion, ¶ 41. We take this vague statement to mean that, prior to the nondischargeability deadline, the Debtor effectively represented that the Bank had a perfected mortgage, but that after that deadline passed, the Debtor disavowed that claim when it stopped making payments. The alleged misrepresentations are the same acts and statements which were offered in support of the Bank's equitable tolling claim: the Debtor listing the Bank's claim as secured on his Bankruptcy Schedule D; acknowledging in the Assumption Agreement that the Bank holds a mortgage on the Property; making all postpetition payments to the Bank; and opining that the Bank "[ought] to have an enforceable mortgage." *See* Motion, ¶ 39.

Nothing in the record, however, demonstrates that any of these acts are false or misleading, as opposed to merely incorrect or inaccurate. It may turn out that the Debtor's listing of the Bank's claim as secured is erroneous, but that does not mean that the Debtor did so to deceive the Bank. The same goes for the recital in the draft Assumption Agreement which pur-

ports to acknowledge the Bank's mortgage interest: there is no evidence of that statement being made with an intent to deceive. Likewise, there is no indication that the Debtor was making adequate protection payments to the Bank in order to dissuade it from filing a nondischargeability complaint. Again, in that regard, what little evidence that is before the Court, to wit, the January 7 letter from Debtor's counsel, plausibly explains that such payments were made until Debtor learned that the Bank's claim might not be secured after all. And finally, the Debtor's statement at his January 9, 2002, deposition that the Bank should have an enforceable mortgage (1) is not a representation, and (2) even if it were, post-dates the discharge complaint deadline and thus could not have been relied upon by the Bank. The record does not demonstrate that the Debtor made any false or misleading representations which the Bank could have relied upon in failing to file a nondischargeability complaint prior to November 11. As a result, the Bank's equitable estoppel argument is also without merit.

In sum, the deadline in Rule 4007(c) for filing nondischargeability complaints is a jurisdictional threshold which bars First Republic from now raising section 523(a) claims against the Debtor. But even if the rule allowed some latitude, First Republic has failed to demonstrate that it is entitled to equitable relief.

An appropriate order follows.

### ORDER

AND NOW, upon consideration of First Republic Bank's Motion to Extend the Time to File a Complaint to Determine the Non–Dischargeability of the 5510 Concord Pike Indebtedness, *Nunc Pro Tunc*, the Debtor's Answer and Affirmative Defenses thereto, and after a hearing held on February 20, 2002, it is hereby:

ORDERED, that the Motion is Denied for the reasons set forth in the accompanying Opinion.