

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-19-2006

# In Re: Weinberg

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2558

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation
"In Re: Weinberg " (2006). *2006 Decisions.* Paper 445.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/445

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-2558

———

IN RE: MARTHA WEINBERG, Debtor
FRANCES ADLER SCHWARTZ, Appellant

v.

MARTHA WEINBERG

FREDERIC J. BAKER, Trustee
ARTHUR P. LIEBERSOHN, Trustee

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 04-cv-04988)
District Judge:  Honorable Legrome D. Davis

———

Submitted Under Third Circuit LAR 34.1(a)
September 14, 2006

Before:  SLOVITER, WEIS and GARTH, Circuit Judges

(Filed   September 19, 2006 )

———

OPINION

SLOVITER, Circuit Judge.

In the matter before us, a creditor appeals the District Court's order affirming the order of the Bankruptcy Court denying the creditor's second motion for an extension of time to file a complaint objecting to the dischargeability of certain debts.

**I.**

On January 13, 2003, the debtor, Martha Weinberg, filed a voluntary Chapter 7 bankruptcy petition. Weinberg is the duly appointed Administrator of the Estate of Zena Adler, who is deceased. Weinberg listed the heirs to the Adler Estate as creditors in her bankruptcy proceeding. Appellant, Frances Adler Schwartz, is one of the heirs to the Adler Estate and thus a Weinberg creditor.

The Bankruptcy Court issued notice to all interested parties of a creditors' meeting to be held on February 13, 2003 and established April 14, 2003 as the deadline for the filing of complaints objecting to the discharge of Weinberg's debts in bankruptcy. On the date of the deadline, Schwartz filed a motion for an extension of time to file her complaint. Schwartz claimed that Weinberg embezzled funds from the Adler Estate and should not be permitted to discharge her debts to the heirs. Schwartz noted that she had not had the opportunity to consult other beneficiaries or to retain counsel, and thus she requested until June 3, 2003, to file a complaint. The Bankruptcy Court, finding "good cause," granted the requested extension of the filing deadline to June 3, 2003.

The June 3 deadline passed with no filing by Schwartz. On June 23, 2003,

Schwartz moved for a second extension of time. Schwartz made essentially the same argument for an extension that she had made in her first motion, but added that she was now in the process of retaining local counsel. Weinberg responded that the requested extension should be denied because it was not submitted on or before the June 3 deadline for the filing of a complaint. Schwartz then retained local counsel, who filed a one-paragraph reply in which he argued that Schwartz had shown "good cause" sufficient to support a further extension.

On July 10, 2003, notwithstanding that the Bankruptcy Court had yet to rule on her motion for an extension of time, Schwartz commenced an adversary proceeding for injunctive relief based on her objection to a discharge of Weinberg's debts with respect to the Adler Estate. According to the complaint, Weinberg filed an inventory of the Adler Estate in 1997, estimating the value at just over $200,000, but she allegedly failed to file a further accounting or to distribute any assets to the heirs. Schwartz alleged both that Weinberg embezzled the funds and that debts arising from fraud while acting in a fiduciary capacity are not dischargeable under 11 U.S.C. § 523(a)(4).[1]

---

[1] Schwartz's adversary proceeding was docketed as Adversary Proceeding 03-00745 in the Eastern District of Pennsylvania. On August 8, 2005, Weinberg filed a motion to dismiss the proceeding on the ground that the complaint was untimely filed. Schwartz responded to the motion to dismiss by suggesting that the Bankruptcy Court await the outcome of her appeals. The Bankruptcy Court has yet to rule on Weinberg's motion to dismiss. The Bankruptcy Court also has yet to discharge Weinberg's debts.

3

On August 27, 2003, the Bankruptcy Court held a hearing on Schwartz's second motion for an extension of time to file her complaint. By Order entered September 15, 2004, the Court denied the requested extension. It explained that under the Federal Rules of Bankruptcy Procedure, particularly Rules 4004, 4007(c) and 9006(b)(3), Schwartz failed to file her second request for an extension before the time for filing her complaint had expired. Although these Rules are not jurisdictional, but rather are "claim-processing rules" as recognized in <u>Kontrick v. Ryan</u>, 540 U.S. 443, 454 (2004), the Bankruptcy Court held that Schwartz failed to file within the time required. In addition, the Bankruptcy Court held that even if principles of equitable tolling could be applied to extend the deadline, Schwartz was not entitled to such tolling.

Schwartz timely appealed to the District Court, which agreed with the Bankruptcy Court's analysis. See <u>In re Weinberg</u>, 337 B.R. 65 (Bankr. E.D. Pa. 2005). The District Court explained that the language of Rule 4007(c) requires that a motion to extend, whether it be the first or a successive such motion, be filed before expiration of the time established for the filing of a complaint, and thus the Bankruptcy Court properly applied Rule 4007(c) in holding that Schwartz's motion was untimely. The District Court refused to reach Schwartz's argument that the Bankruptcy Court should have considered additional "equitable exceptions" to Rule 4007(c) beyond equitable tolling because Schwartz failed to raise this argument before the Bankruptcy Court. The District Court added that it found no basis in the law to support Schwartz's argument for the application

4

of "an amorphous test that balances all competing equities to determine the appropriateness of excusing a party's failure to comply with the Rule 4007(c) deadline." App. at 16. Schwartz timely filed this appeal.

## II.

The District Court had jurisdiction under 28 U.S.C. § 158(a) to hear Schwartz's appeal from the Bankruptcy Court's order, which was a final order inasmuch as the Court held that Schwartz is time-barred from filing an adversary complaint in objection to the discharge of certain of Weinberg's debts. We have jurisdiction under 28 U.S.C. § 158(d) to hear this appeal from the District Court's final order affirming the Bankruptcy Court's judgment. Like the District Court, our review is plenary as to questions of law, which includes the application and interpretation of the controlling Federal Rules of Bankruptcy Procedure. See In re Schick, 418 F.3d 321, 323 (3d Cir. 2005); In re Flanagan, 999 F.2d 753, 756 (3d Cir. 1993).

## III.

Bankruptcy Rule 4007(c) provides that a complaint to determine the dischargeability of particular debts under § 523(c) of the Bankruptcy Code[2] "shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)."

---

[2] Section 523(a) categorizes particular debts as nondischargeable, including, as Schwartz alleges here, debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4).

Fed. R. Bankr. P. 4007(c). Rule 4007(c) further provides that "[o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." Fed. R. Bankr. P. 4007(c).[3]

The Bankruptcy Court's application of Rule 4007(c) in this case was straightforward. It set the first date for a meeting of the Weinberg creditors for February 13, 2003, and the sixty-day deadline of April 14, 2003, for the filing of complaints in objection. In granting Schwartz's first motion for an extension of time, the Bankruptcy Court extended the filing date, by more than six weeks, to June 3, 2003. Schwartz missed that deadline, which, it should be noted, was a date of her own choosing. Some three weeks later, on June 23, Schwartz filed a motion seeking a further extension of time. Weinberg opposed the motion on the ground of untimeliness. The Bankruptcy Court

---

[3] A similar provision in Rule 4004(a) governs the time for filing a complaint to object to the debtor's discharge under § 727(a) of the Bankruptcy Code. Because Schwartz's complaint is directed solely at particular debts, i.e., those related to the Adler estate as violative of 11 U.S.C. § 523(a)(4), the time for filing her complaint, and for seeking an extension of the filing period, is governed by Rule 4007(c). Thus, we do not further discuss Rule 4004 in our consideration of this appeal, although we note that, given the similar language of Rules 4004(a) and 4007(c), construction of one is informative of the proper construction of the other. See Kontrick, 540 U.S. at 448 n.3; see also In re Eaton, 327 B.R. 79, 81 n.2 (Bankr. D.N.H. 2005) (noting that "analysis of decisions regarding the deadline under one rule is applicable to the other rule").

6

refused to grant Schwartz another extension because her request was not submitted before the time for filing her complaint had expired.

We agree with the District Court that this ruling comports with the plain meaning of Rule 4007(c). The rule unambiguously requires that a motion for an extension of time "shall be filed before the time has expired." Reference to "the time" in this passage is clearly a reference to the date fixed for the filing of a complaint. Schwartz did not file her second motion for an extension on or before that date.

Schwartz argues that because she timely filed her first motion to extend, her subsequent extension request must be assessed under Rule 9006(b)(1), not Rule 4007(c). Schwartz bases this argument on what she claims is the "plain language" of Rule 4007(c). Appellant's Br. at 14. According to Schwartz, the reference in Rule 4007(c) to the "time fixed under this subdivision" is limited in scope and means only that a creditor must file a first motion to extend within the 60-day period after the creditors' meeting. Because this 60-day period had expired, Schwartz argues, her subsequent motion to extend was subject to the terms of Rule 9006(b), which governs enlargement of time generally under the Federal Rules of Bankruptcy Procedure. Rule 9006(b) provides as follows:

**(b) Enlargement**

**(1) In general**

Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown

7

may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

**(2) Enlargement not permitted**

The court may not enlarge the time for taking action under Rules 1007(d), 2003(a) and (d), 7052, 9023, and 9024.

**(3) Enlargement limited**

The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules.

Fed. R. Bankr. P. 9006(b).

In Schwartz's view, Rule 9006(b)(3) limits an enlargement only for an extension that is requested within the 60-day period for filing a complaint; such a request would be governed by Rule 4007(c). In contrast, Schwartz argues that a request for an extension made after the initial 60-day time-period already has expired would be governed by Rule 9006(b)(1).

We find Schwartz's construction of the controlling rules unpersuasive. As noted, Rule 4007(c) provides that a motion for an extension of time "shall be filed before the time has expired." This language, when read in conjunction with Rule 9006, is most naturally understood to mean that a motion for an extension of time must be filed on or

8

before expiration of the date established for the filing of a Rule 4007(c) complaint.  This is so regardless of whether that date is at the end of the initial 60-day period or on a later date set by the Bankruptcy Court after granting an extension of time.

Rule 9006(b)(3) clearly provides that the time for "taking action" under Rule 4007(c) may be enlarged "only to the extent and under the conditions stated" in Rule 4007(c).  Thus, although Rule 9006(b)(1) generally contemplates an extension of time being granted "after the expiration of the specified period . . . where the failure to act was the result of excusable neglect," Rule 9006(b)(3) renders that standard inapplicable to a motion to extend the period specified by Rule 4007(c).  See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 389 n. 4 (1993) ("The time-computation and time-extension provisions of Rule 9006 . . . are generally applicable to any time requirement found elsewhere in the rules unless expressly excepted.  Subsections (b)(2) and (b)(3) of Rule 9006 enumerate those time requirements excluded from the operation of the 'excusable neglect' standard.") (emphasis added); see also In re Prego Cruz, 323 B.R. 827, 831 (B.A.P. 1st Cir. 2005) (holding that "Rule 4007(c) precludes the bankruptcy court from granting late-filed motions to extend the period in which a party can object to a debtor's discharge of a debt").  The District Court did not err in holding that Schwartz's request for a further extension was governed by Rule 4007(c) and was untimely filed under that Rule.

The Bankruptcy Court further held, assuming arguendo that principles of equitable

9

tolling provide a basis for excusing Schwartz's failure to comply with the Rule 4007(c) deadline, that Schwartz did not make a showing to warrant such tolling. Schwartz concedes that even if equitable tolling applies in a Rule 4007(c) calculation, she is not entitled to an extension of the deadline on that basis.[4]

Schwartz argues, nevertheless, that principles of equity generally – i.e., "all relevant circumstances surrounding a party's failure to file," Appellant's Br. at 11 (citation omitted) – should be considered when applying the time limit of Rule 4007(c), and that, had such considerations been addressed, the Bankruptcy Court would have granted her a second extension of time. In particular, Schwartz argues that a court should consider: the danger of prejudice, the length of the delay, the potential impact on judicial proceedings, the reason for delay, and whether the movant acted in good faith. Schwartz explains that "the reason for the delay in filing the [extension] motion was her lack of bankruptcy counsel and her need to consult with the other heirs." Appellant's Br. at 12.

The District Court declined to address this equitable-exceptions argument because Schwartz did not raise it in the Bankruptcy Court and thus she waived the right to raise it on appeal. The District Court found no "exceptional circumstances" to warrant a consideration of the argument for the first time on appeal. App. at 16.

Initially, we must consider our standard or review. The parties suggest, without

---

[4] We thus need not decide on this appeal whether principles of equitable tolling are properly considered in calculating the timeliness of a complaint under Rule 4007(c).

10

discussion, that our review of the District Court's waiver determination is plenary. The correct standard of review, however, is for abuse of discretion. See Singleton v. Wulff, 428 U.S. 106, 121 (1976) ("The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the [reviewing court], to be exercised on the facts of individual cases."); see also In re Allegheny Intern., Inc., 954 F.2d 167, 182 (3d Cir. 1992) (Seitz, J., dissenting) (explaining that waiver is committed to reviewing court's discretion and applies equally "for a district court in exercising its appellate jurisdiction over bankruptcy matters"); cf. In re Trans World Airlines, Inc., 145 F.3d 124, 132-33 (3d Cir. 1998) (reviewing for abuse of discretion district court holding that argument was waived on appeal because it was not presented in accordance with Fed. R. Bankr. P. 8010).[5]

We have held that "when a party fails to raise an issue in the bankruptcy court, the issue is waived and may not be considered by the district court on appeal." In re Kaiser Group Int'l Inc., 399 F.3d 558, 565 (3d Cir. 2005) (citation omitted). Schwartz argues that her failure to raise the equitable-exceptions argument before the Bankruptcy Court should be excused because the Supreme Court had not decided Kontrick prior to the filing of her second motion for an extension of time.

---

[5] In any event, we would find the District Court's waiver determination supported by the record even under plenary review.

In Kontrick, the Court held that a defense based on the time limitations of Rules 4004(a) and 9006(b)(3) can be forfeited if not timely asserted. 540 U.S. at 458-460. The Court made clear that the requirements of Rules 4004(a) and 9006(b)(3) are not jurisdictional but rather "claim-processing rules." Such rules may be "unalterable on a party's application," but "can nonetheless be forfeited if the party asserting the rule waits too long to raise the point." Id. at 456. The debtor in Kontrick responded solely to the merits of a creditor's untimely objection to discharge. After the bankruptcy court resolved the merits in the creditor's favor, the debtor for the first time argued that Rules 4004 and 9006 are jurisdictional and serve to bar the untimely filed claim. The Supreme Court held that the debtor had forfeited the untimeliness defense by failing to assert it in a timely manner. The Court noted that because it was undisputed that the creditor in Kontrick failed to file in a timely manner and because the creditor raised no argument for tolling based on principles of equity, it did not address "[w]hether the Rules, despite their strict limitations, could be softened on equitable grounds[.]" Id. at 457. Here, as noted, Schwartz seeks to "soften" Rule 4007(c) (which is substantively equivalent to Rule 4004) and Rule 9006(b)(3) on equitable grounds.

Nothing in Kontrick excuses Schwartz's failure to raise her equitable-exceptions argument before the Bankruptcy Court. Schwartz filed her second extension request on June 23, 2003, and the Bankruptcy Court held a hearing on the motion on August 27, 2003. The Supreme Court decided Kontrick on January 14, 2004. The Bankruptcy Court

12

did not issue its order denying Schwartz's second motion to extend until September 15, 2004. Schwartz, who was represented by local counsel as of July 2003, had eight months after the Kontrick decision, ample time, to raise an argument before the Bankruptcy Court based on Kontrick. Schwartz cites Princeton Community Phone Book, Inc. v. Bate for the proposition that a court should address a new argument on appeal if it is based on intervening Supreme Court precedent. 582 F.2d 706, 708 n.1 (3d Cir. 1978). In Princeton Community, however, the Supreme Court precedent at issue "had not been decided at the time of the district court's ruling." Id. Here, in contrast, Kontrick was decided well before the Bankruptcy Court issued its decision.

Moreover, Schwartz could have raised an argument for tolling based on equitable considerations even without the benefit of Kontrick. Schwartz contends that "[p]rior to Kontrick, the law in this Circuit was that Rules 4004 and 4007 were jurisdictional." Reply Br. at 10. This court, however, has never held that those rules are "jurisdictional" or otherwise immune from tolling based on equitable principles. Schwartz bases her contention solely upon In re Rowland, 275 B.R. 209 (Bankr. E.D. Pa. 2002), which, as a bankruptcy court decision, is not properly characterized as a precedent that settled "the law in this Circuit." Indeed, Rowland itself makes it clear that the law pre-Kontrick was unsettled on the issue of equitable exceptions to the filing deadlines: "Because our research has revealed no controlling Third Circuit case law on this issue (but a split of authority elsewhere), a thorough analysis is required." Id. at 212. Thus, even without

13

Kontrick, Schwartz could have raised her equitable-exceptions argument in conjunction with her second motion for an extension of time, and she has offered no viable justification for her failure to do so.

In a post-hearing letter that her counsel submitted to the Bankruptcy Court, Schwartz argued only that her motion for an extension of time was governed by Rule 9006(b)(1), and that, under that Rule's "excusable neglect" standard, an extension was warranted because she had been in the process of contacting other heirs and seeking to retain local counsel. In its Order, the Bankruptcy Court, sua sponte, considered the possibility of "equitable tolling" for Schwartz, but that analysis alone was not enough to preserve for Schwartz the right to raise her separate and much broader equitable-exceptions argument for the first time on appeal. As the District Court observed, "because [Schwartz] never formulated [her] argument, the bankruptcy court never considered whether the limitation period in Rule 4007(c) was subject to equitable exceptions beyond the equitable tolling doctrine, such as a test that balances all competing equities, and never applied such a test to determine whether [Schwartz] was excused from filing her complaint in accordance with the June 3, 2003 deadline." App. at 15.

On this record, and given the absence of any showing by Schwartz of exceptional circumstances, the District Court did not abuse its discretion in holding that Schwartz waived her equitable-exceptions argument by failing to raise it before the Bankruptcy

14

Court.  Consequently, even if Rule 4007(c)'s rather emphatic time restriction permits equitable exceptions in the case of an untimely motion for an extension of time, we do not reach Schwartz's equitable-exceptions arguments on this appeal.

## IV.

For the reasons stated, we will affirm the District Court's judgment, which affirmed the judgment of the Bankruptcy Court.