**In re Ronald Bryan GINN, Debtor.**

**George Y. HSU, Plaintiff,**

v.

**Ronald Bryan GINN, Defendant.**

**Bankruptcy No. 93–60473.**
**Adv. No. 94–06013A.**

United States Bankruptcy Court,
S.D. Georgia,
Statesboro Division.

March 30, 1995.

William S. Orange, III, Brunswick, GA, for plaintiff.

M. Tyus Butler, Jr., Savannah, GA, for defendant.

## ORDER

JOHN S. DALIS, Bankruptcy Judge.

■ This adversary proceeding was filed July 12, 1994 by George Y. Hsu as a complaint objecting to the dischargeability of a particular debt pursuant to 11 U.S.C. § 523(a)(2)(A). The deadline for filing a complaint objecting to the dischargeability of a particular debt having expired January 7, 1994, I issued an order September 14, 1994 requiring the plaintiff to show cause why the case should not be dismissed. At hearing on the show cause order, plaintiff argued that the time limitation imposed by Federal Rule of Bankruptcy Procedure ("FRBP") 4007(c) [1], governing the time for filing complaints objecting to dischargeability, presents an affirmative defense which is waived if not raised. The issue is whether the time limit imposed by FRBP 4007(c) imposes a jurisdictional bar or merely grants the defendant an affirmative defense to a dischargeability complaint. FRBP 4007(c) imposes a jurisdictional time

---

1. FRBP 4007(c) states:

   **TIME FOR FILING COMPLAINT UNDER § 523(c) IN CHAPTER 7 LIQUIDATION, CHAPTER 11 REORGANIZATIONS, AND CHAPTER 12 FAMILY FARMER'S DEBT ADJUSTMENT CASES; NOTICE OF TIME FIXED.** A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

requirement beyond which a dischargeability complaint may not be brought.

The October 4, 1993 notice of this court set the deadline for complaints objecting to discharge or dischargeability as January 7, 1994. The October 4 notice, relative to time limit on dischargeability complaints, stated the following:

### DISCHARGE OF DEBTS

January 7, 1994 is the Deadline to File a Complaint Objecting to the Discharge of the Debtor or to Determine Dischargeability of Certain Types of Debts....

Discharge of debts. The debtor is seeking a discharge of debts. A discharge means that certain debts are made unenforceable against the debtor personally. Creditors whose claims against the debtor are discharged may never take action against the debtor to collect the discharged debt. If a creditor believes that the debtor should not receive any discharge of debts under § 727 of the Bankruptcy Code or that a debt owed to a particular creditor is not dischargeable under § 523(a)(2), (4) or (6) of the Bankruptcy Code, timely action must be taken in the bankruptcy court by the deadline set forth above in the box labeled "Discharge of Debts." Creditors consider-

ing taking such action may wish to seek legal advice.

On January 7, 1994, Mr. Hsu through his attorney filed a motion seeking extension of the deadline for filing a complaint under 11 U.S.C. § 727 objecting to the discharge of the debtor pursuant to FRBP 4004[2]. By order entered February 15, 1994, I extended the deadline for filing complaints objecting to discharge to March 8, 1994. Mr. Hsu through counsel filed another request for extension of time to file a complaint objecting to discharge on March 7, 1994, which was granted by order entered March 14, 1994 extending the time to April 4, 1994. A subsequent motion for further extension was filed by Mr. Hsu April 14, 1994, which was granted by order dated May 19, 1994 extending the time to June 17, 1994. Mr. Hsu instituted this adversary proceeding by filing on July 12, 1994 a complaint objecting under § 523(a)(2)(A)[3] to the dischargeability of the debt owed to Mr. Hsu by the debtor.

■ As no extension of time for filing a complaint objecting to the dischargeability of a particular debt was sought by Mr. Hsu, the deadline for such was set and remained as January 7, 1994[4]. Debts of the kind specified in paragraphs (2), (4), and (6) of § 523(a) may be excepted from discharge under § 523(c)[5]. Such complaints are procedurally

---

2. FRBP 4004 provides the procedure for filing a complaint to object to granting a discharge to a debtor, providing,

(a) **TIME FOR FILING A COMPLAINT OBJECTING TO DISCHARGE; NOTICE OF TIME FIXED.** In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).... Not less than 25 days notice of the time so fixed shall be given to the United States trustee and all creditors as provided in Rule 2002(f) and (k) and to the trustee and the trustee's attorney.

(b) **EXTENSION OF TIME.** On motion of any party in interest, after hearing on notice, the court may extend for cause the time for filing a complaint objecting to discharge. The motion shall be made before such time has expired.

3. 11 U.S.C. § 523(a)(2)(A) provides in pertinent part:

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; ....

4. The complaint obviously attempts to take advantage of the extensions granted Mr. Hsu by this Court. However, the deadline was extended pursuant to FRBP 4004 to permit later filing of a complaint objecting to discharge under § 727(a). Such extensions are inapplicable to a complaint objecting to dischargeability under § 523, which is procedurally governed by FRBP 4007. *See, e.g., In re Billings*, 146 B.R. 431, 436 (Bankr. N.D.Ill.1992) (holding §§ 727 and 523 not interchangeable, and granting additional time to pursue one does not extend time to pursue the other). In any event, this complaint was filed **after** the last extension expired.

5. 11 U.S.C. § 523(c)(1) provides:

Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged

governed by FRBP 4007(c) (see footnote 1, *supra* ), which requires that such a complaint be filed within 60 days of the first date set for the § 341 meeting of creditors, in this case January 7, 1994. FRBP 9006(b)(3) reinforces the rigidity of this deadline by providing that,

> The court may enlarge the time for taking action under Rule[ ] ... 4007(c) ... only to the extent and under the conditions stated in th[at] rule[ ].

Mr. Hsu asserts that courts are divided on whether the time limit imposed by Rule 4007(c) is a jurisdictional bar to a complaint or merely an affirmative defense. Because Mr. Hsu secured the debtor's consent to the filing of this complaint and has procured a consent to entry of judgment, he argues that the time requirement is merely an affirmative defense which the debtor has waived via his consent. Mr. Hsu also points out that this consent and alleged waiver was secured prior to the January 7, 1994 deadline.

The Ninth Circuit Bankruptcy Appellate Panel has stated that the timeliness of a dischargeability complaint presents an affirmative defense that must be raised in an answer or other responsive pleading on penalty of waiver. *See In re Santos,* 112 B.R. 1001, 1008 (9th Cir. BAP 1990). *Accord Farouki v. Emirates Bank International,* 14 F.3d 244 (4th Cir.1994). Other courts have found that in exceptional circumstances, the timeliness requirement of FRBP 4007(c) should be retroactively relaxed. *See, e.g., In re Isaacman,* 26 F.3d 629 (6th Cir.1994) (bankruptcy court may exercise its equitable powers to permit late-filed complaint objecting to dischargeability of a particular debt when creditor reasonably relied on court's erroneous statement of bar date); *accord In re Anwiler,* 958 F.2d 925 (9th Cir.1992); *see also In re Kennerley,* 995 F.2d 145 (9th Cir.1993) (recognizing equitable "unique circumstances" exception to requirement of timeliness of dischargeability complaints).

As noted by Mr. Hsu a contrary line of authority exists establishing the timeliness requirement of FRBP 4007(c) as imposing a jurisdictional bar to a dischargeability complaint. The court in *In re Billings,* 146 B.R. 431 (Bankr.N.D.Ill.1992) found that the limitations in FRBP 9006, *supra,* on the court's power to enlarge the time for taking action eliminate the court's discretion to retroactively enlarge the time for filing a dischargeability complaint, even employing its equitable powers under § 105(a) [6]. *Id.* at 437; *see also Matter of Ichinose,* 946 F.2d 1169 (5th Cir.1991) (finding that FRBP 4007(c) and 9006(b) impose strict time limits and that extensions granted one creditor may not be taken advantage of by another). Similarly, the Court of Appeals for the Eleventh Circuit has stated that,

> The dictates of the Code and Rules are clear. It is not our place to change them. Under Rule 4007(c), any motion to extend the time period for filing a dischargeability complaint must be made *before* the running of that period. There is "almost universal agreement that the provisions of FRBP 4007(c) are mandatory and do not allow the Court any discretion to grant a *late filed* motion to extend time to file a dischargeability complaint." *See In re Maher,* 51 B.R. 848, 852 (Bankr.N.D.Iowa 1985) (and cases cited therein). (Emphasis supplied.)

*In re Alton,* 837 F.2d 457, 459 (11th Cir. 1988). This language clearly supports a finding that the time requirement of FRBP 4007(c) is jurisdictional in nature, and that I may not grant a late filed motion to extend or permit a late filed complaint. More recently the Eleventh Circuit has stated with

---

from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

**6.** 11 U.S.C. § 105(a) provides that,

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

regard to FRBP 4004(b), at footnote 2 *supra,* that the failure to timely file a request for an extension of time for filing complaints objecting to discharge raises a jurisdictional bar. *In re Coggin,* 30 F.3d 1443, 1450, 1451 (11th Cir.1994). As FRBP 4004(b) and 4007(c) are virtually identical in their requirements (see footnotes 1 and 2, *supra* ), a jurisdictional bar is implied with regard to FRBP 4007(c) under *Coggin.* I find no reason to distinguish these two Rules consequently, I find that both raise a jurisdictional bar of timeliness [7].

> The motion [for extension of the deadline for filing dischargeability complaints] must be filed within the original time period allowed for dischargeability complaints. If the motion is not filed within that time period, the court has no discretion to grant the motion. Moreover, Bankruptcy Rule 9006(b)(3) makes clear that the normal rule allowing an extension of time by motion filed after a time period has expired does not apply to the deadline set by Rule 4007.

8 *Collier on Bankruptcy* ¶ 4007.05[3][a] at p. 4007–16 (15th Ed.1994).

This case aptly illustrates the reason to regard the bar date for filing complaints objecting to discharge and dischargeability of a particular debt as jurisdictional rather than as merely an affirmative defense. It is apparent to me that contrary to Mr. Hsu's assertion that he secured the debtor's consent to nondischargeability prior to the bar date this consent was actually obtained following the expiration of the bar date during the period of extension. If, as alleged, Mr. Hsu obtained the consent of the debtor to a determination of nondischargeability of this debt prior to the January 7, 1994 deadline, there was no need for an extension for objection to the discharge of the debtor from Mr. Hsu's standpoint. Whether Mr. Hsu had or was able to discover grounds to support an objection to discharge within the period of extension is unknown. What is known is that during the period of extension of time for filing an objection to discharge, Mr. Hsu was able to extract the post-bar date consent of the debtor to nondischargeability of this debt and thereby place himself in a position superior to other creditors. With the discharge of the debtor's other debts, the collectibility of Mr. Hsu's debt greatly improves. If a valid basis existed for objection to the discharge of the debtor, the debtor should not be permitted to persuade this or any other creditor to assert instead a post-bar date § 523 exception to dischargeability of that complaining creditor's debt in order to silence the creditor and avoid a complete denial of discharge. Nor should a complaining creditor be able to use the threat of a § 727 objection to discharge as leverage to negotiate the debtor's concession to nondischargeability of that creditor's debt under § 523. Determining the bar date as jurisdictional reduces the potential for this abuse of the bankruptcy process. Because the complaint was filed after the January 7, 1994 deadline for filing nondischargeability complaints, this court lacks subject matter jurisdiction to entertain this complaint and consequently it must be dismissed. Nothing contained in this order prevents the debtor from voluntarily repaying this or any discharged debt.

It is therefore ORDERED that this adversary proceeding is DISMISSED.

---

7. In the case of *In re Williamson,* 15 F.3d 1037 (11th Cir.1994), the court found dismissal of a nondischargeability complaint properly dismissed as untimely and noted that, "[t]he equities in this case do not justify the disregard of the time provisions in the Bankruptcy Code." *Id.* at 1040. From this statement, it could be inferred that the Eleventh Circuit might, under the appropriate circumstances, carve out an equitable exception to the time requirements of FRBP 4004 or 4007. However, there being no further guidance from the Eleventh Circuit on this potential exception, I limit such possible exception to instances where a creditor reasonably relied on the court's erroneous statement of the bar date, i.e., to correct the court's error. *See e.g., In re Isaacman, supra.*