**In re Greg Wayne DIXON, Debtor.**

**Staci Dixon, Plaintiff,**

v.

**Greg Wayne Dixon, Defendant.**

**Bankruptcy No. 01–12461–JDW.**
**Adversary No. 02–1009–JDW.**

United States Bankruptcy Court,
M.D. Georgia,
Albany Division.

April 29, 2002.

---

Deena Plaire–Haas, Albany, GA, for Plaintiff.

Jeanie K. Tupper, Albany, GA, for Defendant.

## MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter comes before the Court on Plaintiff's Motion to Allow Late Complaint Objecting to Discharge. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(I). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

Debtor, Greg Wayne Dixon, filed a no asset Chapter 7 petition on December 13, 2001. The date set for the first meeting of creditors was January 11, 2002. The Bankruptcy Court Clerk sent notice to creditors that the deadline for filing a complaint to determine dischargeability of a certain debt or a complaint objecting to discharge was March 12, 2002. Because the case was a no asset case, the notice also stated, "Please Do Not File A Proof of Claim Unless You Receive a Notice to Do So." As a result, no deadline was set for filing proof of claims. Debtor received a discharge on April 1, 2002. The case has not been closed.

Plaintiff, Staci Dixon, is Debtor's ex-wife. The prepetition divorce settlement agreement signed by both parties, provided that Debtor was to pay an L.L. Bean credit card debt that had been incurred solely in Plaintiff's name. The Superior Court of Lowndes County entered a divorce decree incorporating the settlement agreement on December 13, 2001. Although the L.L. Bean debt was scheduled, Plaintiff was not listed as a creditor. Plaintiff was listed as a codebtor for certain of Debtor's debts but was not included on the matrix of creditors. On April 8, 2002, Plaintiff filed a Complaint Objecting to Discharge on the grounds that a debt owed by Debtor to Plaintiff is nondischargeable under 11 U.S.C. Sections 523(a)(2), (5), and (15). Also on April 8, 2002, Debtor filed the Motion to Allow Late Complaint Objecting to Discharge at issue.

### Conclusions of Law

Under Section 727(b) of the Bankruptcy Code, a Chapter 7 debtor is discharged from all prepetition debts, "[e]xcept as provided in section 523." 11 U.S.C.A. § 727(b) (West 1993). Therefore, when the discharge was entered in this case, Plaintiff's debt was either discharged or it was excepted from discharge. The issue raised by Plaintiff's motion is whether she will be allowed to file a complaint to determine in which category her debt falls.

 Federal Rule of Bankruptcy Procedure 4007(b) states that a "complaint [to obtain a determination of the dischargeability of any debt] other than under § 523(c) may be filed at any time. A case

may be reopened without payment of an additional filing fee for the purpose of filing a complaint to obtain a determination under this rule." Fed. R. Bankr.P. 4007(b).[1] Rule 4007(c) states that complaints to determine dischargeability brought under section 523(c) and motions to extend the time to file such a complaint must be brought within 60 days after the first date set for the meeting of creditors.[2] Once the deadline has passed, the Court has no discretion to extend the deadline. Fed. R. Bankr.P. 9006(b)(3).[3]

■ Plaintiff's claim under Section 523(a)(5), relating to alimony, maintenance, or support of a former spouse or child, is governed by Rule 4007(b). It can be filed at any time without leave of the Court. Therefore, the Court need not grant Plaintiff's motion as to that claim.

■ Plaintiff's claims under Sections 523(a)(2), relating to debt incurred through fraudulent means, and (a)(15),[4] relating to

divorce property settlements, are governed by Rule 4007(c). Because more than 60 days have passed since the date set for the first meeting of creditors, the claims are time-barred. The Court is without discretion to extend the time to file, so the Court cannot grant Plaintiff's motion as to those claims. However, by denying Plaintiff's motion, the Court does not prevent Plaintiff's claim under Section 523(a)(2) from going forward in a different manner.

■ Under Section 523(c)(1) Plaintiff's claims are discharged, except as provided in Section 523(a)(3)(B), if they are of the kind in Section 523(a)(2), (4), (6), or (15) and if Plaintiff has not received a timely determination of nondischargeability from the bankruptcy court.[5] In this case, Plaintiff did not receive a timely determination of nondischargeability for either her (a)(2) or (a)(15) claim, rendering both debts discharged upon the entry of Debtor's discharge. However, under Section 523(a)(3)(B),[6] if Plaintiff's debt was

1. Although Plaintiff's complaint is styled as an objection to discharge, she actually is seeking a determination of nondischargeability of certain debts pursuant to Section 523.

2. Rule 4007(c) reads as follows:

> A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).... On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.
>
> Fed. R. Bankr.P. 4007(c).

3. "The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules." Fed. R. Bankr.P. 9006(b)(3).

4. Unless otherwise noted, all subsection references are to § 523 of the Bankruptcy Code.

5. Section 523(c)(1) gives the bankruptcy court exclusive jurisdiction to hear timely nondischargeability claims under §§ 523(a)(2), (4), (6), and (15). It provides as follows:

> Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), or (15), as the case may be, of subsection (a) of this section.
>
> 11 U.S.C.A. § 523(c)(1) (West Supp.2001).

6. Section 523(a)(3)(B) provides as follows:

> (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
> (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

neither listed nor scheduled, Plaintiff had no actual knowledge of the bankruptcy prior to the deadline for filing a nondischargeability complaint, and she has a claim of the type in (a)(2), (a)(4), or (a)(6), her debt is excepted from discharge. Therefore, with respect to Plaintiff's (a)(2) claim, the Court will treat Plaintiff's pleading as a complaint under (a)(3)(B) to determine whether the debt was discharged. The deadline for filing a complaint under Section 523(a)(3)(B) is governed by Rule 4007(b), which provides that it may be brought at any time. *See supra.* However, (a)(3)(B) does not save Plaintiff's (a)(15) claim.[7]

Nevertheless, creditors who are unlisted, unscheduled, and without actual notice of the bankruptcy case have an alternative basis for exception from discharge. In *Samuel v. Baitcher (In Matter of Baitcher)*, 781 F.2d 1529 (11th Cir.1986),

the Court of Appeals created a supplement to Section 523(a)(3) in an effort "to fill a gap left under the Code which enabled unscrupulous debtors to obtain discharge of debts of the kind which would have been [non]dischargeable in the case by fraudulently omitting such debts from their schedules." *Keenom v. All Am. Mktg. (In re Keenom)*, 231 B.R. 116, 123 (Bankr. M.D.Ga.1999) (Walker, J.). Under Section 523(a)(3)(A), which applies to unlisted, unscheduled debts other than the type in (a)(2), (a)(4), and (a)(6), a debt is excepted from discharge if the creditor did not have notice of the bankruptcy case in time to file a proof of claim.[8] In a no asset Chapter 7 case, the debtor could omit a creditor, and because the time to file a proof of claim will never run, (a)(3)(A) will never be triggered, leaving the creditor without a remedy. *Id.* at 124 n. 8. This would lead

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request[.]

11 U.S.C.A. § 523(a)(3)(B) (West 1993). Although this provision states that the creditor must have lacked notice (1) in time to file and proof of claim *and* (2) in time to challenge dischargeability, it has been interpreted as "providing alternative grounds for denying discharge" of a debt arising out of an intentional tort. *Keenom v. All Am. Mktg. (In re Keenom)*, 231 B.R. 116, 121 n. 5 (Bankr. M.D.Ga.1999) (Walker, J.) (citing *In re Padilla*, 84 B.R. 194, 196 (Bankr.D.Colo.1987)).

7. Several courts have noted or concluded that Congress's omission of (a)(15) from the safety net of § 523(a)(3)(B) likely was inadvertent. *See Secretary of Labor v. Bateman (In re Bateman)*, 254 B.R. 866, 870 n. 5 (Bankr.D.Md. 2000); *In re Harrison*, 206 B.R. 910, 912 n. 1 (Bankr.E.D.Tenn.1997); *Fidelity Nat'l Title Ins. Co. v. Franklin (In re Franklin)*, 179 B.R. 913, 923 n. 25 (Bankr.E.D.Cal.1995). However, as a basic tenet of statutory construc-

tion, the language of a statute will be given its plain meaning unless doing so leads to an absurd result. *Perry v. Commerce Loan Co.*, 383 U.S. 392, 400, 86 S.Ct. 852, 857, 15 L.Ed.2d 827 (1966) (citing *United States v. American Trucking Assns.*, 310 U.S. 534, 543, 60 S.Ct. 1059, 1063, 84 L.Ed. 1345 (1940)). In this case, while the omission seems inadvertent, it does not lead to an absurd result, so the Court will not read § 523(a)(3)(B) to protect unlisted § 523(a)(15) debts from discharge.

8. Section 523(a)(3)(A) provides as follows:

(a) A discharge under section 727 … of this title does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owned, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing[.]

11 U.S.C.A. § 523(a)(3)(A) (West 1993).

to the inequitable result of a debt being discharged after the debtor intentionally omitted it from his schedules. 781 F.2d at 1534. *Baitcher*, however, "'mandat[es] the nondischargeability of debts unscheduled by fraud or intentional design.'" in a no asset Chapter 7 case. 231 B.R. at 123 (quoting *In re McDaniel*, 217 B.R. 348, 356 (Bankr.N.D.Ga.1998)). In *Baitcher*, the debtor sought to reopen her bankruptcy case to add an omitted creditor to her schedules. 781 F.2d at 1531. As the court in *McDaniel* noted,

> the *Baitcher* court framed its decision as one denying the debtor leave to amend her schedules, based upon a presumption that scheduling was necessary for the debt's discharge. By default, however, the Code declares both scheduled and unscheduled debts discharged, subject only to section 523.... For this reason, the *Baitcher* court's intention of deeming nondischargeable those debts omitted from schedules through fraud can best be served by construing that holding to erect a new, uncodified provision for nondischargeability.

217 B.R. at 356 n. 15. This Court, in *Keenom*, agreed with that interpretation, concluding that the "proper application of the *Baitcher* rule works to fill the gap left by section 523(a)(3) by preventing discharge of non-fraud-type debts to debtors who fraudulently omit such creditors from their schedules." 231 B.R. at 125. Presumably, because *Baitcher* is a judicially created addition to Section 523, a claim under *Baitcher* would be governed by Rule 4007(b), which allows unlimited time to file a complaint. *See supra.* Although Plaintiff in this case did not raise a *Baitcher* claim, the case provides an alternative theory for an unlisted creditor to challenge the discharge of a debt.

Based on the foregoing, the Court will deny Plaintiff's motion. Nevertheless, Plaintiff's case can go forward under Section 523(a)(5) as a determination of dischargeability and under (a)(3)(B) in accordance with (a)(2) as a determination of discharge. To prevail on her (a)(3)(B) claim, Plaintiff need not prove the merits of her claim, but she must show that she has a colorable claim pursuant to (a)(2). *Keenom*, 231 B.R. at 126. As part of proving a colorable claim, Plaintiff must demonstrate that Debtor had some culpability with respect to the claim or was in some other way actually aware of the claim.

An Order in accordance with this Opinion will be entered on this date.