**In re Rickey J. CHEELY, Debtor.**

No. 01–51028–JDW.

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

June 26, 2002.

Keri Foster Robinson, Gordon, GA, for Debtor.

Joel D. Burns, Milledgeville, GA, for Tom and Leigh Mitchell.

### MEMORANDUM OPINION

JAMES D. WALKER, JR., Bankruptcy Judge.

This matter comes before the Court on Debtor's Motion to Reopen Chapter 7 Case to File an Amendment to Schedule F. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(O). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

Debtor, Rickey J. Cheely, owned Cheely Lawn Care, which was having financial trouble when Tom and Myra Leigh Mitchell d/b/a Grassmasters offered to buy him out. During negotiations, Grassmasters paid Debtor a salary, paid debts of Cheely Lawn Care, and collected Cheely Lawn Care's accounts receivables. Debtor told the Mitchells that if the deal fell through, he would have to file for bankruptcy. He also told them that if he did file, he would not list them as creditors.

The joining of the two businesses was supposed to be completed by the end of 2000. With the takeover still pending in March 2001, and with creditors threatening to repossess his personal property, Debtor canceled the deal and filed a no-asset Chapter 7 petition on March 9, 2001. His petition did not list the Mitchells or Grassmasters as creditors.[1] Debtor testified that he did not list them because he did not believe he owed them any money. Debtor took time off work to file the petition and informed the Mitchells that he had done so. Leigh Mitchell testified that Debtor had told the Mitchells he had filed bankruptcy. On April 2, 2001, Debtor and Tom Mitchell signed a document drafted by Leigh Mitchell that was headed "Rickey Cheely's Debt to Grassmasters." The document listed several debts incurred by Debtor and paid by Grassmasters in addition to work done by Grassmasters for which it had not been paid.

The Court granted Debtor a discharge on June 22, 2001, and closed his case on September 7, 2001. On November 9, 2001, the Mitchells filed suit against Debtor in the Baldwin County Superior Court to collect payments made to creditors on Debtor's behalf and to collect advances made to Debtor. Debtor's counsel filed a motion for a stay due to bankruptcy in the state court case. Nevertheless, the state court entered judgment for the Mitchells. It is unclear whether Debtor's motion preceded the judgment, although the Mitchells' counsel stated that no stay was in effect at the time judgment was entered.

Debtor seeks to reopen the case to add the Mitchells as creditors so that the discharge injunction may be enforced in the

---

**1.** Debtor subsequently amended his schedules on March 22, 2001 and June 29, 2001 to add unsecured creditors. Neither the Mitchells nor Grassmasters were added with either amendment.

civil suit filed by the Mitchells against Debtor. The Mitchells object to reopening the case, claiming Debtor intentionally omitted them from his schedules.

## Conclusions of Law

■ Section 350(b) of the Bankruptcy Code authorizes the Court to reopen a bankruptcy case "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C.A. § 350(b) (West 1993). The decision of whether or not to reopen the case is solely within the discretion of the bankruptcy court. *In the Matter of Shondel,* 950 F.2d 1301, 1304 (7th Cir. 1991); *Critical Care Support Servs., Inc. v. United States (In re Critical Care Support Servs.),* 236 B.R. 137, 140 (E.D.N.Y. 1999).

■ The actual controversy between the parties appears to be whether or not the discharge injunction[2] applies to any debt that may be owed to the Mitchells.[3] However "reopening a case simply to amend schedules does nothing to affect the discharge of a debt." *Keenom v. All Amer. Mktg. (In re Keenom),* 231 B.R. 116, 119 (Bankr.M.D.Ga.1999) (Walker, J.). Section 727(b) provides for the discharge of all debts other than those excepted from discharge by Section 523.[4] *Id.* at 120

(quoting *Judd v. Wolfe,* 78 F.3d 110, 113–14 (3d Cir.1996)). The issue of whether an omitted debt was discharged in Chapter 7 may be litigated in one of three ways:

"First, if a creditor pursues a lawsuit on the claim, the debtor can assert the bankruptcy discharge as an affirmative defense and the court with jurisdiction over that lawsuit can decide whether the debt falls within any of the exceptions to discharge. Second, under Bankruptcy Rule 4007(b) either the [d]ebtor or the creditor can move to reopen th[e] case for the purpose of filing a complaint to determine dischargeability. Third, the [d]ebtor can bring action in this Court to enforce the discharge injunction...."

*Id.* at 125 (quoting *In re Mendiola,* 99 B.R. 864, 870 (Bankr.N.D.Ill.1989)). The parties have not pursued any of these options, and the question of dischargeability is not answered by Debtor merely adding the omitted creditor to his schedules.

The Court notes that if the Mitchells wish to reopen Debtor's bankruptcy case to file a nondischargeability complaint, the time to file one on Section 523(a)(2), (4), (6), or (15) grounds has run unless they were unlisted, unscheduled, *and* without

**2.** Section 524(a) of the Bankruptcy Code provides in pertinent part as follows:

(a) A discharge in a case under this title—
(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 ...;
(2) operates as an injunction against the commencement or continuation of an action ... to collect, recover or offset any such debt as a personal liability of the debtor....

11 U.S.C.A. §§ 524(a)(1), (a)(2) (West 1993)

**3.** Despite Debtor's contention that he did not believe he owed Grassmasters money, the facts demonstrate that the Mitchells had, at least, a disputed claim, which Debtor became

aware of no later than April 2, 2001. Intentional or fraudulent failure to list a creditor is a basis for denying a debtor's motion to reopen to list the unscheduled creditor. *In re Berry,* 190 B.R. 486, 488 (Bankr.S.D.Ga.1995) (Walker, J.) (citing *Samuel v. Baitcher (In the Matter of Baitcher),* 781 F.2d 1529, 1534 (11th Cir.1986)). Because the Court is denying Debtor's motion on other grounds, it need not consider whether Debtor's omission was intentional or fraudulent.

**4.** "Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from *all debts* that arose before the date of the order for relief under this chapter...." 11 U.S.C.A. § 727(b) (West 1993) (emphasis added).

notice of the bankruptcy in time to request a determination of dischargeability. Fed. R. Bankr.P. 4007(c);[5] 11 U.S.C. §§ 523(c)(1),[6] (a)(3)(B).[7] Because Leigh Mitchell already has testified that she had actual knowledge of the bankruptcy case, they may have difficulty establishing that such a complaint is timely. If they wish to allege any other grounds for nondischargeability, they can file a complaint at any time. Fed. R. Bankr.P. 4007(b).[8] Among the possible grounds is the *Baitcher* exception to discharge: In a no-asset Chapter 7 case, if the debt was *not* of the type in (a)(2), (a)(4), or (a)(6), *and* the debt was unscheduled by fraud or intentional design, the debt is nondischargeable.[9] *Samuel v. Baitcher (In the Matter of Baitcher)*, 781 F.2d 1529, 1534 (11th Cir.1986); *Dixon v. Dixon (In re Dixon)*, 280 B.R. 755, 759–60 (Bankr.M.D.Ga.2002) (Walker, J.); *Keenom*, 231 B.R. at 125. However, this judicially created exception to discharge was crafted to prevent a creditor from being harmed by the debtor's fraud, so the debtor may be able to raise the creditor's actual knowledge of the bankruptcy filing as a defense. *Baitcher*, 781 F.2d at 1534, *Keenom*, 231 B.R. at 123.

Because allowing Debtor to reopen his case to add a previously unlisted creditor will have no effect on whether or not the discharge injunction applies to the Mitchells' claim, the Court denies Debtor's motion to reopen.

5. Rule 4007(c) provides that "[a] complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr.P. 4007(c).

6. Section 523(c)(1) provides as follows:

Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), or (15), as the case may be, of subsection (a) of this section.

11 U.S.C.A. § 523(c)(1) (Supp.1993).

7. Section 523(a)(3)(B) provides as follows:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
   (3) neither listed nor scheduled ... in time to permit—
    . . .
   (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one such para-

graphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request[.]

11 U.S.C.A. § 523(a)(3)(B) (West 1993). Although the plain language of this provision requires that the creditor have missed the deadline for filing a proof of claim *and* the deadline for requesting a determination of dischargeability, courts generally read the "and" as an "or" to prevent inequitable results in no-asset Chapter 7 cases, in which there is no deadline for filing a claim. *Keenom*, 231 B.R. at 121 n. 5.

8. "A complaint [to obtain a determination of the dischargeability of any debt] other than under § 523(c) may be filed at any time." Fed. R. Bankr.P. 4007(b).

9. This exception was created by the 11th Circuit Court of Appeals to close a hole in the Code. Under § 523(a)(3)(A) if a non 523(a)(2), (a)(4), or (a)(6) debt is unlisted and unscheduled and the creditor did not have notice of the bankruptcy in time to file a proof of claim, the debt is not discharged. Because creditors are not required to file proofs of claim in a no-asset Chapter 7 case and the Court sets no deadline to file one, § 523(a)(3)(A) never is triggered. Without *Baitcher*, creditors in no asset Chapter 7 cases who were intentionally omitted by the debtor would be without a remedy.