**In re Stephen C. PHILLIPS, Frances M. Phillips, Debtors.**

**No. 00–11306–JDW.**

United States Bankruptcy Court, M.D. Georgia, Albany Division.

Sept. 9, 2002.

Danny C. Griffin, Colquitt, GA, for Debtor.

M. Jeremy Lynch, Albany, GA, for Farmers & Merchants Bank, f/k/a Security Bank and Trust Company of Albany.

## MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter comes before the Court on Farmers & Merchants Bank's Motion to Reopen Bankruptcy Case to Determine Dischargeability of Debt and for Other Relief Deemed Just and Appropriate. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(A). The Court held a hearing on the motion on July 23, 2002. After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance

with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

Debtors, Steven C. Phillips and Frances M. Phillips, filed a joint Chapter 7 petition on September 7, 2000. On Schedule D—Creditors Holding Secured Claims, they listed Security Bank & Trust, now known as Farmers and Merchants Bank (the "Bank"), as a creditor secured by a term life insurance policy. A loan officer for the Bank, R.W. Little, Jr., testified that the Bank made the loan for living expenses based on Mr. Phillips assurances that he was terminally ill. The Bank does not contest that it received notice of the bankruptcy case or that it received notice that the bar date for filing a complaint to determine dischargeability of debt was December 26, 2000.

This Court entered an order granting the Phillips a discharge on January 4, 2001. A final decree discharging the trustee of his duties and closing the case was entered on January 22, 2001. Mr. Little testified that in late 2001, he began to have reason to doubt that Mr. Phillips was in ill health. The Bank filed the present Motion to Reopen Bankruptcy Case on May 23, 2002. The Bank has indicated that if successful on its motion to reopen, it can show that when Mr. Phillips sought the loan, he provided a letter purporting to be written by a medical doctor specializing in cancer treatment confirming Mr. Phillips' illnesses and that the letter was forged.

### Conclusions of Law

■ A motion to reopen a bankruptcy case is controlled by 11 U.S.C. Section 350(b), which states, "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C.A. § 350(b) (West 1993). In this case, the Bank seeks to reopen so that it may challenge the dischargeability of its debt. In other words, it is seeking to reopen the case "for other cause." Whether or not to reopen the case is a decision solely within the discretion of the bankruptcy court. *In re Cheely,* 280 B.R. 763, 765 (Bankr.M.D.Ga.2002). The Court will not reopen the case if doing so would be futile—i.e., if the Bank's complaint is time-barred.

### *Relief From Judgment or Order*

■ At the July 23, 2002, hearing, the Bank argued for relief under Federal Rule of Civil Procedure 60(b),[1] made applicable to bankruptcy through Federal Rule of Bankruptcy Procedure 9024.[2] Under Rule

---

1. Rule 60(b) provides in relevant part as follows:

   On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered....
   Fed.R.Civ.P. 60(b).

2. Bankruptcy Rule 9024 provides as follows:

   Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without contest is not subject to the one year limitation prescribed in Rule 60(b), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code, and (3) a complaint to revoke an order

60(b), a party may seek relief from a judgment or an order due to fraud or newly discovered evidence within one year of the judgment. Based on testimony of the Bank's loan officer, the Bank is seeking relief on the grounds that Debtor fraudulently concealed his physical condition from the Bank. In this case, the only order from which the Bank could seek relief is the order granting Debtors a discharge.

Bankruptcy Rule 9024 modifies Rule 60 to allow relief from a discharge order only to the extent allowed under Section 727(e)[3] of the Bankruptcy Code, which provides for revocation of discharge. Section 727(e) must be read in conjunction with Section 727(d).[4] When read together, they specifically anticipate the possibility that a debtor's fraud may go undiscovered but, nevertheless, impose a one-year time limit on revoking the discharge. *Dahar v. Bevis (In re Bevis)*, 242 B.R. 805, 809 (Bankr.D.N.H.1999). Although equitable tolling might be applied to stop the running of the deadline, doing so would directly conflict with the statute. *Id.* ("[W]hen § 727(e)(1) is placed against the backdrop of § 727(d)(1), it appears that Congress did not intend for equitable tolling to apply to § 727(e)(1).") Because the one-year deadline for a motion for relief from dis-

charge order has passed and because equitable tolling could not apply to the deadline, such a motion provides no basis for relief to the Bank and, therefore, no cause for reopening Debtor's bankruptcy case.

### Determination of Dischargeability

Although the Bank cannot succeed on a Rule 60 motion, another option available to it is to file a nondischargeability complaint. Section 523(a) of the Bankruptcy Code excepts 19 types of debts from discharge. The apparent basis for a complaint by the Bank is the Phillips' alleged fraud in misrepresenting the state of Mr. Phillips' health to obtain a loan. Under Section 523(a)(2)(A), a debt is nondischargeable if obtained by "false pretenses, a false representation, or actual fraud." 11 U.S.C.A. § 523(a)(2)(A) (West 1993 & Supp.2002). Debts obtained by fraud also fall within the scope of Section 523(c)(1), which provides that debts of the kind in Sections 523(a)(2), (4), (6), and (15) will be discharged unless a bankruptcy court determines otherwise.[5]

The Bankruptcy Rules establish the deadlines for filing a nondischargeability complaint. Under Rule 4007(b), "[a] complaint *other than under § 523(c)* may be filed at any time." Fed. R. Bankr.P.

---

confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330.
Fed. R. Bankr.P. 9024.

**3.** "The trustee, a creditor, or the United States trustee may request a revocation of a discharge—(1) under subsection (d)(1) of this section within one year after such discharge is granted...." 11 U.S.C.A. § 727(e)(1) (West 1993).

**4.** Section 727(d)(1) provides as follows:

On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if(1) such discharge was obtained through

the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge....
11 U.S.C.A. § 727(d)(1) (West 1993).

**5.** 11 U.S.C. § 523(c)(1) provides as follows:

Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), or (15), as the case may be, of subsection (a) of this section.
11 U.S.C.A. § 523(c)(1) (West Supp.2002).

4007(b) (emphasis added). However, if the complaint falls under Section 523(c), as does the Bank's proposed complaint, it must "be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr.P. 4007(c).[6] The Court may grant an extension, but only if it is requested before the time to file has run. *Id.;* Fed. R. Bankr.P. 9006(b)(3).[7]

▇ It is uncontested that the deadline for filing a complaint or seeking an extension to file has long since passed without any action by the Bank. If the deadline is jurisdictional in nature, then the Court has no power to consider the Bank's complaint, leaving the Court with no basis for reopening the case. On the other hand, if the deadline is in the nature of a statute of limitations, equitable principles apply, which may provide a basis for allowing the Bank to file its complaint notwithstanding the deadline and, thus, for the Court to reopen the case. *United States v. Locke,* 471 U.S. 84, 94 n. 10, 105 S.Ct. 1785, 1792 n. 10, 85 L.Ed.2d 64 (1985) ("Statutory filing deadlines are generally subject to the defenses of waiver, estoppel, and equitable tolling.").

The Eleventh Circuit Court of Appeals has not decided any cases directly on point; however, several of its cases are helpful in reaching a conclusion. In *Byrd v. Alton (In re Alton),* 837 F.2d 457 (11th Cir.1988), the creditor filed a prepetition suit for fraud against the debtor. When the debtor filed for bankruptcy, he failed to list the creditor on his bankruptcy schedules. Yet, the creditor acknowledged that he did receive actual notice of the bankruptcy filing in time to file a nondischargeability complaint for fraud. Nevertheless, when the creditor failed to file a complaint by the deadline, he argued that equitable principals should apply to allow him to file a late complaint. *Id.* at 458. The court rejected his argument on the ground that a creditor who sits on his rights is not entitled to equitable relief, notwithstanding any wrongdoing by the debtor. *Id.* at 458–59. The court acknowledged that the case contained "some disturbing aspects" in that the debtor had omitted the creditor from his schedules, but concluded that "the time specifications set out in the Bankruptcy Code are sufficiently clear to have placed an obligation on [the creditor] to follow the case and to take the timely action necessary to pursue his claim." *Id.*

In *Durham Ritz, Inc. v. Williamson (In re Williamson),* 15 F.3d 1037 (11th Cir. 1994), the creditor had notice of the bankruptcy case but filed a nondischargeability complaint based on fraud after the deadline to file had passed. The creditor complained that it had not received notice of the bar date from the court. *Id.* at 1039. The bankruptcy court dismissed the complaint as untimely. *Id.* The Eleventh Circuit affirmed, reiterating its position in *Alton* that a creditor who has notice of the bankruptcy cannot later complain about

---

**6.** Rule 4007(c) provides as follows:

A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The

motion shall be filed before the time has expired.

Fed. R. Bankr.P. 4007(c).

**7.** "The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules." Fed. R. Bankr.P. 9006(b)(3).

not knowing the bar date. *Id.* The court said, "The equities in this case do not justify the disregard of the time provisions in the Bankruptcy Code.... It was [the creditor's] inaction and not any action by [the debtor] or the court that caused the filing to be late." *Id.* at 1040.

In both *Alton* and *Williamson,* the Eleventh Circuit denied an equitable remedy because the burden was on the creditor with knowledge of a bankruptcy case to meet filing deadlines, even if it had not received notice of those deadlines from the clerk of the bankruptcy court. The deadlines are ascertainable by examining the debtor's bankruptcy file and the Bankruptcy Rules. A creditor that fails to take minimum steps to protect its rights cannot later expect a court to overlook the creditor's lack of diligence by allowing it to file an untimely Section 523(c)(1) complaint to determine dischargeability.

The court in *Hsu v. Ginn* (*In re Ginn*), 179 B.R. 349 (Bankr.S.D.Ga.1995) recognized that *Williamson* left room for an inference that "the Eleventh Circuit might, under the appropriate circumstances, carve out an equitable exception to the time requirements of FRBP 4004 or 4007." *Id.* at 352 n. 7. However, the court rejected that inference based on the Eleventh Circuit's decision in *Coggin v. Coggin* (*In re Coggin*), 30 F.3d 1443 (11th Cir.1994) and certain language in Alton. 179 B.R. at 351–52. In Coggin, the court repeatedly referred to the time limits in Rule 4004(b),[8] which govern the filing of complaints objecting to discharge under Section 727, as jurisdictional.[9] In addition, in Alton, the Eleventh Circuit stated that "'the provisions of F.R.B.P. 4007(c) are mandatory and do not allow the Court any discretion to grant a *late filed* motion to extend time to file a dischargeability complaint.'" 837 F.2d at 459 (quoting *In re Maher,* 51 B.R. 848, 852 (Bankr.N.D.Iowa 1985)). The court in *Ginn* was persuaded that the language in *Coggin* and *Alton* compelled a conclusion that Rule 4007(c) is jurisdictional. 179 B.R. at 351–52. *See also In re Rowland,* 275 B.R. 209, 215 (Bankr. E.D.Pa.2002) ("we hold here that the deadline in [Rule 4007(c)] is jurisdictional"); *In re Tucker,* 263 B.R. 632, 636 (Bankr. M.D.Fla.2001) ("Absent extraordinary circumstances, the provisions of Rule 4007(c) are jurisdictional....").

With respect to the *Coggin* case, this Court agrees with the Sixth Circuit Bankruptcy Appellate Panel that the term "jurisdictional" is an inaccurate label for time limits imposed by the Bankruptcy Rules. *Ohio Farmers Ins. Co. v. Leet* (*In re Leet*),

---

**8.** Rule 4004 provides as follows:

(a) Time for Filing Complaint Objecting to Discharge; Notice of Time Fixed. In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)....

(b) Extension of Time. On motion of any party in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge. The motion shall be filed before the time has expired.

Fed. R. Bankr.P. 4004(a), (b). In addition, Rule 9006(b)(3) applies to Rule 4004(a) to prevent the bankruptcy court from extending the time to file a complaint except as provided in the Rule. *See supra* note 3. This Rule is virtually identical to Rule 4007(c).

**9.** "We hold that if a motion is filed but not served prior to the bar date, the jurisdictional requirement of rule 4004(b) is met, and the bankruptcy court retains jurisdiction to extend the bar date...." 30 F.3d at 1450. "[O]nly failure to file a motion for extension of the bar date raises a jurisdictional bar under Rule 4004(b)...." *Id.* at 1451. "[T]he appellees satisfied the jurisdictional bar of Rule 4004(b) when they filed their motions prior to the expiration of the bar date...." *Id.*

274 B.R. 695, 700 n. 6 (6th Cir. BAP 2002). The B.A.P. stated:

> We do not think any real light is shed on the subject by calling the time limits established by rules "jurisdictional," and we view usage of the term as a shorthand denomination of the idea that rules exist, not just to regulate the parties, but in some cases to limit courts in the exercise of their powers and discretion.

*Id.* Furthermore, the United States Supreme Court, in considering a statutory filing deadline related to the Civil Rights Act, stated that although it had in previous cases referred to the deadline as jurisdictional, such a reference was not inconsistent with a finding that the deadline was in the nature of a statute of limitations, particularly when "the legal character of the requirement was not at issue in those cases" in which it had made the references. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 395, 102 S.Ct. 1127, 1133, 71 L.Ed.2d 234 (1982).

Considering the *Leet* and *Zipes* cases, this Court disagrees with *Ginn* that merely because the Eleventh Circuit attached the label "jurisdictional" to the time requirements of Rule 4004(b) that it creates a jurisdictional prerequisite to filing a dischargeability complaint.[10] *Coggin* provided no discussion of the question of jurisdiction, and the court did not *decide* that Rule 4004(b) was jurisdictional; rather it apparently used the word as a mere convenience, or as the Sixth Circuit B.A.P. said, a shorthand. Furthermore, this Court's jurisdiction is determined by 28 U.S.C. Section 157(b),[11] and nothing in that statute conditions jurisdiction over discharge objections on timeliness.[12] *In re Kontrick,* 295 F.3d 724, 732 (7th Cir.2002). The circumstances here are analogous to those in *Zipes,* in which the Supreme Court stated that the

> provision granting district courts jurisdiction ... does not limit jurisdiction to those cases in which there has been a timely filing with the EEOC. It contains no reference to the timely-filing requirement. The provision specifying the time for filing charges with the EEOC appears as an entirely separate provision, and it does not speak in jurisdictional

**10.** With respect to the *Ginn* case's reliance on Alton, this Court interprets *Alton* differently. As explained *supra,* the Eleventh Circuit was merely refusing to grant an equitable remedy to a creditor who had slept on his rights. The court did entertain the creditor's equity argument and spent some time discussing the circumstances of the late filing before concluding that an equitable remedy did not apply in that case.

**11.** The statute covering bankruptcy jurisdiction provides in relevant part as follows:

> (a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.
> (b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments....
> (2) Core proceedings include, but are not limited to—
> . . .
> (I) determinations as to the dischargeability of particular debts[.]
> 28 U.S.C.A. § 157 (West 1993).

**12.** The Advisory Committee note to Rule 4007 states that while bankruptcy and nonbankruptcy courts have concurrent jurisdiction over complaints filed pursuant to subsection (b), "[t]he bankruptcy court has exclusive jurisdiction to determine dischargeability" of debts under subsection (c). Fed. R. Bankr.P. 4007 adv. comm. note. The note gives no indication that as a consequence of untimely filing, the bankruptcy court is divested of its jurisdiction. Rather, it merely states that "[i]f a complaint is not timely filed, the debt is discharged." *Id.*

terms or refer in any way to the jurisdiction of the district courts. 455 U.S. at 393–94, 102 S.Ct. at 1132–33. *See also Schunck v. Santos (In re Santos)*, 112 B.R. 1001, 1005–06 (9th Cir. BAP 1990).

Although the court in *Leet* rejected the "jurisdictional" terminology, it concluded that the Supreme Court's decision in *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) requires a conclusion that equitable principles do not apply to Rule 4007(c). 274 B.R. at 697. In addition, the court said that the Supreme Court's more recent decision in *Young v. United States*, 535 U.S. 43, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002) to apply equitable tolling to a deadline in the Bankruptcy Code did not change its opinion regarding the application of equitable principles to Rule 4007(c). 122 S.Ct. at 1039–40.

The case before this Court compels a different conclusion. The debtor in *Taylor* had claimed the proceeds of a lawsuit as exempt, but indicated that she did not know the full value of the lawsuit. The trustee made some inquiries with her lawyers, who told him they expected to settle for $110,000. Nevertheless, the trustee concluded that the lawsuit was not likely to yield a significant payout to the debtor. The trustee was wrong. After the debtor settled for $110,000, and after the time for objecting to exemptions had expired under Rule 4003,[13] the trustee objected to the exemption claiming that it had been filed in bad faith and, thus, the deadline for filing an objection did not apply. 503 U.S.

at 640–41, 112 S.Ct. at 1646–47. The Supreme Court refused to allow him to make an untimely objection based on the debtor's lack of good faith in claiming exemptions without a colorable basis for doing so. *Id.* at 643–44, 112 S.Ct. at 1648. "The Court did not hold, however, ... that Rule 4003(b) was not subject to the usual equitable doctrines that apply to other deadlines and statutes of limitations." *Kontrick*, 295 F.3d at 733 n. 4. In fact, because the argument had not been raised in the lower courts, the Court expressly declined to consider whether a bankruptcy court could use its equitable power under Section 105(a) to permit an untimely objection. 503 U.S. at 645, 112 S.Ct. at 1649.

The holding in *Taylor* is consistent with the Eleventh Circuit's holdings in *Alton* and *Williamson*. In each case, the court refused to grant equitable relief to a complaining party, whose grievance was of its own making. The Court in *Taylor* stated that despite what the debtor's attorneys repeatedly told him about the value of the debtor's discrimination lawsuit, "Taylor did not object to the claimed exemption.... Taylor cannot now seek to deprive [the debtor and her attorneys] of the exemption." *Id.* at 644, 112 S.Ct. at 1648.

When the Supreme Court did accept a bankruptcy case for review with facts amenable to the application of an equitable remedy, the Court allowed tolling. In *Young*, the Court considered whether the three-year look back period in Sections 523(a)(1)(A) and 507(a)(8)(A)(i) of the Bankruptcy Code was a statute of limita-

---

**13.** Rule 4003(b) provides as follows:

A party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension. Fed. R. Bankr.P. 4003(b). Like Rule 4004, this Rule is virtually indistinguishable from Rule 4007(c) and is governed by Rule 9006(c)(3) to preclude extensions of time to file except as provided within the Rule.

tions subject to equitable tolling. 535 U.S. at 45–46, 122 S.Ct. at 1038. The debtors owed federal income taxes on a return that was due on October 15, 1993. They filed a Chapter 13 petition on May 1, 1996. In March 1997, the case was dismissed, and the debtors filed a Chapter 7 petition. The debtors argued that because the taxes were due more than three years prior to the·filing of the Chapter 7 case, they were nondischargeable under Sections 523(a)(1)(a) [14] and 507(a)(8)(A)(1) of the Bankruptcy Code.[15] *Id.* The Court concluded that the look back period was a statute of limitations that was tolled during the debtors' Chapter 13 case "because it prescribes a period within which certain rights (namely, priority and nondischargeability in bankruptcy) may be enforced." *Id.* at 1039. This same statement can be applied to Rule 4007. It prescribes a period (60 days after the first date set for the meeting of creditors) within which the right to a determination of nondischargeability may be enforced.

Furthermore, as the courts in *Santos* and *Kontrick* explained, "characterization of [the] bankruptcy rules as jurisdictional would yield too rigid a result to achieve the goals of the bankruptcy statute." 295 F.3d at 732; 112 B.R. at 1006. The goals of Rule 4007 include prompt administration of bankruptcy estates and protection of the debtor's fresh start. 295 F.3d at 732. They are "best fostered, not by a rigid jurisdictional approach, but by the exercise of equitable discretion in a manner consistent with the policies that animate the Bankruptcy Code." *Id.*

■ Based on the foregoing, the Court concludes that the bar date set by Rule 4007(c) is in the nature of a statute of limitations. As the Supreme Court said in *Young,*

> It is hornbook law that limitations periods are customarily subject to equitable tolling unless tolling would be inconsistent with the text of the relevant statute. Congress must be presumed to draft limitations periods in light of this background principle. That is doubly true when it is enacting limitations periods to be applied by bankruptcy courts, which are courts of equity.

535 U.S. at 49–50, 122 S.Ct. at 1040–41 (internal citations and quotation marks omitted). The Court does not now decide whether equitable tolling applies in this case. Rather, the Court concludes that even if the bar date has passed, there is a basis for filing a complaint that falls within the scope of Section 523(c) and Rule 4007(c) and that the Bank has made a sufficient showing to persuade the Court that an equitable tolling argument would not be frivolous. Thus, the Court will exercise its discretion to reopen the case. The Bank will still bear the burden of demonstrating why its complaint should be allowed notwithstanding the passage of the bar date.

An Order in accordance with this Opinion will be entered on this date.

14. A debtor is not discharged from a tax "of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title." 11 U.S.C.A. § 523(a)(1)(A) (West 1993 & Supp. 2002).

15. Section 507(a)(8)(A)(i) provides for priority of payment of income tax claims "for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition." 11 U.S.C.A. § 507(a)(8)(A)(i) (West 1993 & Supp.2002).