In the Matter of Martha **WEINBERG**, Debtor.

No. CIV.A.04–4988.

United States District Court, E.D. Pennsylvania.

April 12, 2005.

Stanley J. Ellenberg, Philadelphia, PA, Frederic W. Schwartz, Jr., Washington, DC, for Frances Adler Schwartz, Appellant.

Mary Jeffery, Philadelphia, PA, for Martha Weinberg.

## MEMORANDUM OPINION

DAVIS, District Judge.

AND NOW, this 12th day of April 2005, upon consideration of appellant's brief in

support of its appeal, and appellee's reply brief thereto, it is hereby ORDERED that appellant's appeal is DENIED and the September 15, 2004 Order of the bankruptcy court is AFFIRMED.

Martha Weinberg ("debtor") filed a Chapter 7 voluntary petition in bankruptcy on January 13, 2003. (Bankr.Doc. No. 1). The petition, and all ancillary schedules and pleadings, were then amended to include as creditors the heirs to the Estate of Zena Adler, for which the debtor was the Administratrix. One of these heirs was appellant Frances Adler Schwartz ("appellant").

On January 18, 2003, the Clerk of Court issued a notice of a creditors' meeting on February 13, 2003 to all appropriate parties. The deadline for filing complaints objecting to the discharge of debtor's debts was set for April 14, 2003. (Bankr. Doc. No. 6). Appellant received notice of the bankruptcy filing, including a notice advising appellant of the deadline for objecting to dischargeability. (Bankr.Doc. No. 14)

On April 14, 2003, appellant filed a motion to extend the time to file a complaint objecting to discharge or to determine the dischargeability of certain debts ("first motion"). (Bankr.Doc. No. 16). The motion was granted on April 21, 2003, and the bankruptcy court set a date of June 3, 2003 as the deadline for filing a complaint. (Bankr.Doc. No. 18). Appellant failed to file a complaint or a motion to extend the deadline to file a complaint by June 3, 2003. However, on June 23, 2003, appellant filed a second motion to extend time ("second motion"), stating that she was in the process of obtaining local counsel. (Bankr.Doc. No. 19). The debtor objected, arguing that the second extension was barred under Rules 4004(b) and 4007(c) of the Federal Rules of Bankruptcy Procedure. (Bankr.Doc. No. 20).

On July 10, 2003, local counsel for appellant entered his appearance and filed a complaint. (Bankr Doc. No. 24–26). The complaint alleged that debtor embezzled funds in her role as the Administratrix of the Estate of Zena Adler, objecting on the ground that debts arising from fraud and embezzlement are not dischargeable. (*See* Compl., attached as Ex. 19 to Appellant's App., at ¶¶ 8–9).

On August 17, 2003, the bankruptcy court held a hearing on whether to extend the time for appellant to file the complaint. (Bankr.Doc. No. 30). On September 15, 2004, the bankruptcy court denied the extension. (*See* September 15, 2004 Opinion, attached as Ex. 2 to Appellant's Br.). The bankruptcy court reasoned that Rule 4004(b) and Rule 4007(c) require the filing of a motion to extend the time to file a complaint objecting to discharge before the expiration of the deadline for filing such a complaint. (*Id.*). The bankruptcy court then reasoned that although Rule 9006(b)(1) permits a court to extend, upon a showing of excusable neglect, the prescribed period for taking action pursuant to a court order even after the expiration of that period, Rule 9006(b)(3) limits the discretion of a court to enlarge the time for filing an action under Rule 4007(c) "to the extent and under the conditions stated" in Rule 4007(c). (*Id.*). Finally, the bankruptcy court refused to evaluate whether equitable tolling principles apply to Rule 4007(c) because the appellant failed to assert "sufficient facts to support an equitable tolling argument." (*Id.*).

■ Appellant properly appealed this decision on September 27, 2004. (*See* Notice of Appeal, attached as Ex. 1 to Appellant's Br.). Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 158(a). In applying the appropriate standard of review, this Court reviews the bankruptcy

court's legal determinations *de novo*, its factual findings for clear error, and its exercise of discretion for an abuse thereof. *See, e.g., In re Rashid,* 210 F.3d 201, 205 (3d Cir.2000).

### 1. The bankruptcy court properly interpreted the interplay between Rule 4007(c) and Rule 9006(b)(3).

■ Appellant argues that Rule 4007(c) applies to motions to extend the time to file an objection to a complaint, while, on the other hand, Rule 9006(b) applies to all other motions, including subsequent motions to extend the time period previously extended by a Rule 4007(c) order. (*See* Appellant's Br., at 3–4). According to this interpretation, the bankruptcy court incorrectly found that Rule 4007(c) required denial of appellant's second motion, which was filed after the June 3, 2003 deadline. (*Id.*). Implicit in this analysis is that the bankruptcy court erred by not applying Rule 9006(b)(1) to determine whether to deny or to grant appellant's second motion.

This Court affirms the bankruptcy court's interpretation of the interaction between Rule 9006(b)(3) and Rule 4007(c) with respect to when a motion to extend the deadline for filing a complaint must be filed and the consequences of failing to meet this temporal requirement. *See, e.g., J.P. Fyfe, Inc. of Florida v. Bradco Supply Corp.,* 891 F.2d 66, 69 (3d Cir.1989) (bankruptcy court's legal conclusions subject to plenary review). The bankruptcy court's interpretation is supported by the clear language of both Rules.

Rule 9006(b) promulgates general principles applicable to requests to "enlarge the time for taking action" under the bankruptcy rules. One of these principles is that a court may grant a motion to enlarge a prescribed period in which to act even "after the expiration of the specified period . . . where the failure to act was the result

of excusable neglect." Fed. R. Bankr.P. 9006(b)(1). However, Rule 9006(b)(3) expressly states that:

> [t]he court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, *only to the extent and under the conditions stated in those rules.*

Fed. R. Bankr.P. 9006(b)(3) (emphasis added). Rule 9006(b)(3) therefore renders Rule 9006(b)(1) inapplicable to the temporal period "for taking action" under Rule 4007(c). *Id.*

Rule 4007 establishes the procedure by which a creditor may file a complaint to object to the dischargeability of a debt incurred with the aid of fraud or deceit. Fed. R. Bankr.P. 4007(a); *see also* 11 U.S.C. § 523(a) (creating exceptions to the rule that a general discharge absolves debtor of all debts). In the instant type of bankruptcy proceeding, a complaint must be filed within sixty days after the first date set for the meeting of creditors. Fed. R. Bankr.P. 4007(c). A motion to "extend the time fixed under this subdivision" may be granted upon a showing of "cause," so long as the motion to extend the time is "filed before the time has expired." *Id.* The language of Rule 4007(c) does not limit its application to a party's first motion for an extension of time, but, instead, applies to all motions to extend the time "fixed" under Rule 4007.

■ This Court also rejects appellant's argument that the statutory purpose of preventing the dischargeability of non-dischargeable debts, such as debts incurred through fraudulent and criminal activity, would be defeated by failing to apply the Rule 9006(b)(1) excusable neglect standard to subsequent motions to extend the time to file a complaint. (*See* Appellant's Br., at 5–6). Appellant's argument runs con-

trary to the clear language of Rule 9006(b)(3), and its recognition of the non-applicability of Rule 9006(b)(1) to enlarging the time for taking "action" under Rule 4007(c). Appellant's argument also fails to account for a primary purpose of Rule 4007(c), which, in addition to giving creditors notice and an opportunity to be heard, is to enhance the efficient administration of the estate by requiring creditors to act quickly to contest a debt or to surrender this right forever. *See, e.g., In re Meyer,* 120 F.3d 66, 68–69 (7th Cir.1997) (purpose of Rule 4007(c) is to encourage creditors "to file their complaints speedily or lose them forever"); *McCuskey v. Central Trailer Serv., Ltd.,* 37 F.3d 1329, 1333 (8th Cir.1994) (noting that basis purpose of Rule 4007(c) 60–day rule is to enhance the efficient administration of the estate); *Grossie v. Sam,* 894 F.2d 778, 781 (5th Cir.1990) (primary purpose of Rule 4007(c) is to administer the estate in an efficient and expeditious manner); *Jones v. Hill,* 811 F.2d 484, 486–87 (9th Cir.1987) (Rule 4007(c) "avoids delay by requiring a party to file promptly rather just prior to the final settlement of the bankruptcy case"). In summary, appellant provides no textual or equitable reason why a subsequent motion to extend should be evaluated under the less rigorous excusable neglect standard of Rule 9006(b)(1). *See, e.g., In re McDowell,* 57 B.R. 310, 312 (Bankr. M.D.Pa.1986) ("[T]his court lacks authority to grant untimely requests for extensions [pursuant to Rule 4004(a) ] even where the requests are late due to alleged excusable neglect.").

### 2. The bankruptcy court properly applied Rule 4007(c) to deny appellant's second motion to extend the deadline for filing a complaint.

Because the bankruptcy court properly interpreted Rule 4007(c) as applying to all motions to extend the time for filing a complaint, regardless of the successive nature of the motion, the bankruptcy court did not err in denying appellant's second motion. This conclusion is confirmed the procedural history of this case. The bankruptcy court granted appellant's first motion, which was filed before the sixty-day deadline, and identified June 3, 2003 as the deadline for filing a complaint under Rule 4007. It is undisputed that plaintiff did not meet this June 3, 2003 deadline, indeed, that plaintiff did not file a complaint or a second motion for an extension of time before the "time expired." It is equally clear that the June 3, 2003 deadline was a deadline "fixed" under Rule 4007(c), to which a motion to extend needed to be filed before the expiration of the deadline. Accordingly, the bankruptcy court correctly applied Rule 4007(c) and found that appellant's ability to file a complaint was time-barred, as appellant did not file a timely request for an extension of time.

### 3. This Court will not address appellant's equitable exception argument because it was not raised with the bankruptcy court.

Appellant further argues that the bankruptcy court erred by only evaluating whether the equitable tolling doctrine applied. (*Id.,* at 7–8). Instead, citing the Supreme Court decision of *Kontrick v. Ryan,* 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004), appellant argues that the bankruptcy court should have recognized the existence of, and applied, a more general equitable circumstances standard to evaluate the legitimacy of filing a complaint after the passing of the June 3, 2003 deadline. (*Id.*).

The bankruptcy court discussed the recent *Kontrick* decision in a footnote. (*See* Bankr.Op., at 2 n. 2). Assuming *arguendo* the applicability of the equitable tolling doctrine to the limitation period in Rule

4007(c), the bankruptcy court concluded that the factual circumstances behind appellant's failure to comply with the June 3, 2003 deadline did not meet the appropriate standard.[1] (*Id.*).

Appellant admits in its brief on appeal that it did not raise an equitable exception argument in any form before the bankruptcy court.[2] (*See* Appellant's Br., at 7). Indeed, because appellant never formulated such an argument, the bankruptcy court never considered whether the limitation period in Rule 4007(c) was subject to equitable exceptions beyond the equitable tolling doctrine, such as a test that balances all competing equities, and never applied such a test to determine whether appellant was excused from filing her complaint in accordance with the June 3, 2003 deadline. Appellant's concession that she did not raise the equitable exception argument before the bankruptcy court, either at oral argument or through post-argument submissions, is fatal to her instant position. *See, e.g., Fleck v. KDI Sylvan Pools, Inc.*, 981 F.2d 107, 116 (3d Cir.1992) (concluding that "[i]t is axiomatic that a party who fails to object to errors or to raise issues at trial waives the right to complain on appeal"). Nor does the Court find the existence of exceptional circumstances to justify consideration of the equitable exception argument for the first time on appeal. *See, e.g., Altman v. Altman*, 653 F.2d 755, 758 (3d Cir.1981) (refusing to permit appellant to raise argument of judicial estoppel due to lack of "exceptional circumstances"-no great public interest ad-

vanced by consideration, no explanation for failure to raise argument, and no manifest injustice). Accordingly, this Court finds that appellant waived her right to raise this issue on appeal. *Union Pacific R. Co. v. Greentree Transp. Trucking Co.*, 293 F.3d 120, 126 (3d Cir.2002) (appellant "can not advance new theories or raise new issues in order to secure a reversal of the lower court's determination"); 157 A.L.R. Fed. 581, 1999 WL 888671 (1999) ("Appellate courts will generally not consider issues raised for the first time on appeal.").

■ Nonetheless, even if appellant raised the applicability of an equitable exception test beyond the equitable tolling doctrine, this Court would still affirm the bankruptcy judge's decision. First, the Supreme Court decision cited by appellant does not support its position that equitable exceptions mitigate the application of Rule 4007(c). The *Kontrick* Court never reached this issue. *See, e.g., Kontrick*, 540 U.S. at 457, 124 S.Ct. 906 ("Whether the Rules, despite their strict limitations, could be softened on equitable grounds is therefore a question we do not reach."). Nor does appellant cite pre- or post-*Kontrick* case law from the Third Circuit indicating that the limitation period for filing a complaint pursuant to Rule 4007 permits equitable exceptions, and, in particular, equitable exceptions beyond the equitable tolling doctrine. In fact, appellant provides no case law from the Third Circuit suggesting that equitable exceptions beyond the equi-

---

1. The bankruptcy court stated that "it is not necessary to determine whether the statute of limitations in Bankruptcy Rules 4004 and 4007(c) may be subject to equitable tolling because the Movant has not asserted sufficient facts to support an equitable tolling argument." (Bankr.Op., at 2 n. 2).

2. Appellant's brief concedes this point:

Here, the Bankruptcy Court considered only whether the doctrine of equitable tolling applies. The Bankruptcy Court is quite correct that it does not, *and the heir never so argued.* Rather, *the heir argued that the Bankruptcy Court need not even reach this issue* because she filed a timely motion to extend under Rule 4007, and it was granted.

(Appellant's Br., at 7)(emphasis added).

table tolling doctrine permit the extension of a non-jurisdictional deadline. *See, e.g., Borges v. Gonzales,* 402 F.3d 398, 405–06 (3d Cir.2005) (non-jurisdictional time limitation subject to principles of equitable tolling); *Harms Const. Co., Inc. v. Chao,* 371 F.3d 156, 161 (3d Cir.2004) (equitable tolling doctrine requires deceit or some extraordinary grounds for relief and is not equivalent to an excusable neglect standard). Accordingly, appellant provides no basis to suggest that the bankruptcy court should have applied an amorphous test that balances all competing equities to determine the appropriateness of excusing a party's failure to comply with the Rule 4007(c) deadline.

### 4. Conclusion

For the preceding reasons, this Court affirms the September 15, 2004 Order of the bankruptcy court. An appropriate Order follows.

### ORDER

AND NOW, this 12th day of April 2005, upon consideration of appellant's brief in support of her appeal and appellee's reply brief thereto, it is hereby ORDERED that appellant's appeal is DENIED. The Clerk of Court is directed to close this matter statistically.